Filed Oct. 20, 1893.

———————◆———————

No. 733.

NIPP *v.* WISEHEART.

ASSAULT AND BATTERY.—*Nominal Damages.—Presumption.*—When a peaceable citizen, in a public place where he has a right to be, in the presence of a number of other citizens, is subjected to the humiliation of an unprovoked assault and battery by a man of superior physical strength and weight, there is no presumption that the assaulted party is entitled to recover nothing beyond mere nominal damages.

SAME.—*Recovery.—Pecuniary Loss.—Physical and Mental Suffering.*— In such case, recovery does not depend upon pecuniary loss, but the appellant may recover full compensation for physical suffering and mental agony endured as a result of the assault and battery.

From the Henry Circuit Court.

*D. W. Chambers*, for appellant.

*L. P. Mitchell*, for appellee.

REINHARD, J.—Nipp sued Wisehart in the court below for damages for an assault and battery.

Upon issues joined, there was a jury trial and a verdict for the defendant below. A motion for a new trial was overruled, and the only question presented to us re-

lates to the sufficiency of the evidence to sustain the verdict. The rule is too well settled to admit of discussion, that, where the evidence is at all conflicting, the judgment will not be disturbed on appeal. But it is equally well settled that when the verdict is entirely unsupported by, or contrary to, the evidence, this court is in duty bound to reverse.

The evidence shows that Nipp is a man who weighs not exceeding 130 pounds, while Wiseheart's weight is about 215 pounds, and he is a much stronger man than Nipp.

Appellant was on his way to Middletown, in Henry county, to attend a public meeting of a political character. He met Wiseheart in the railway depot, at Newcastle, a public place, where a number of persons of both sexes had congregated awaiting the arrival of trains. The parties greeted each other in an apparently friendly spirit, after which Nipp invited Wiseheart to accompany him and some other parties in going to Middletown to the meeting before mentioned. Wiseheart declined to go, giving as his reason the disloyalty to the government during the late war of some of the leaders connected with the party under whose auspices the meeting was to be held. Nipp replied, asserting his own loyalty to be as good as, or better than, that of Wiseheart. The latter said he had served four years in the Union army, had participated in a large number of battles, and had been wounded in the right arm, and did not like to have his loyalty called in question. Nipp repeated the assertion that he was as good a Union man as Wiseheart, or a better one than he, when the latter struck him a blow upon the side of his head, either with his fist or his open hand, causing him to stagger, but it seems that he was prevented from falling to the ground by a wall near by, against which he staggered. Nipp stooped to pick up his hat, which had

fallen, and Wiseheart struck him a second blow. Some words passed between the parties after the striking, and Wiseheart was taken away by one of the by-standers. He went before a justice of the peace, pleaded guilty to a charge of assault and battery that had been preferred against him by some one other than Nipp, and was fined two dollars and costs for the offense. The foregoing evidence was practically undisputed, and the only excuse offered by Wiseheart for his act was that Nipp had impugned his loyalty and was swinging his arms in an excited manner. There was no evidence whatever that Nipp attempted to strike Wiseheart, and the majority of the eye witnesses testified that he did not do so. There was some testimony to the effect that Nipp had stated that he was not hurt by the blows, while on the other hand there was testimony that he was suffering from pains in his head, of which he complained for several days after the difficulty.

From these facts, we think it must be concluded that the appellee committed an unjustifiable and inexcusable assault and battery upon the person of the appellant. The only argument made by appellee's learned counsel in favor of affirming the judgment is to the effect that, in any event, the appellant would be entitled to but nominal damages, and that this court will not reverse a cause for a failure to assess such damages. We are not prepared to say, however, that we must presume that nothing but nominal damages can be assessed in any event.

When a peaceable citizen, in a public place, where he has a right to be, and in the presence of a number of other citizens, is subjected to the humiliation of an unprovoked assault and battery by a man of superior physical strength and weight, there is no presumption that

the assaulted party is entitled to recover nothing beyond mere nominal damages.

It may be true that the jury would have the right to so construe the surrounding circumstances, but the presumption is the other way. Nor can we concede the proposition that because no pecuniary loss was proved no damages can be recovered. The appellant would have the right to recover full compensation for physical suffering, as well as for any mental agony, endured as the result of the blows.

We are of opinion, therefore, that the motion for a new trial should have been sustained.

Judgment reversed.

Filed Oct. 10, 1893.