## Singer Sewing Machine Company *v.* Phipps, by Next Friend.

[No. 7,203.    Filed April 18, 1911.    Rehearing denied June 24, 1911. Transfer denied December 15, 1911.]

1. Pleading. —*Complaint.* —*Conclusions.* —A pleading must state facts and not conclusions.    p. 120.

2. Assault and Battery.—*Commission of, by Agents.*—*Complaint.* —A complaint for damages for an assault and battery, alleging that a certain person was the servant of defendant company and that "while so acting as such servant and while acting in the line of his duty as such, and within the scope of his employment" wrongfully assaulted the plaintiff, to her damage, is sufficient. p. 120.

3. Principal and Agent.—*Authority.*—*Complaint.*—In an action against a principal the plaintiff is not required to allege the extent of the agent's authority, where it is peculiarly within the knowledge of defendant.    p. 120.

4. Pleading.—*Facts.*—*Evidence.*—Issuable facts and not the evidence should be pleaded.    p. 120.

5. Principal and Agent.—*Relationship.*—A sewing machine agent directed to reclaim a sewing machine is in the line of his duty while he is reclaiming such machine.    p. 121.

6. Corporations.—*Agents.*—*Torts.*—*Liability.*—A corporation, like an individual, is liable for the torts of its agent.    p. 121.

7. Assault and Battery.—*Evidence.*—*Acts of Others.*—*Striking out.*—In an action for an assault and battery committed upon the plaintiff while defendant was attempting to reclaim a sewing machine, it was not erroneous to strike out that part of the deposition of defendant's agent in which he was asked whether the person to whom the machine was sold offered to redeem it, the answer being that two months after the assault she offered such agent $3 and at the same time threatened to make trouble for the defendant, since the answer was not responsive, nor was it admissible to show the hostility of the witness.    p. 121.

8. Witnesses.—*Hostility.*—*Impeachment.*—*Evidence.*—In order to impeach a witness for hostility, such witness should be asked on cross-examination concerning such hostility, and then, in case of denial, proof should be made thereof.    p. 122.

9. Appeal.—*Evidence.*—*Suppression.*—*Wrong Reason.*—It is not prejudicial to suppress incompetent evidence, though a wrong reason be given therefor.    p. 122.

10. ASSAULT AND BATTERY. —*Denial.* —*Justification.* —*Evidence.* — Under a general denial in an action for damages for assault and battery, evidence of justification is not admissible. p. 122.

11. ASSAULT AND BATTERY.—*Depriving of Possession.—Failure to Touch.*—Where the plaintiff's possession of a sewing machine was lawful in its inception, the forcible taking of possession thereof by defendant's agent, over the protest of the one in possession, and while the plaintiff was sitting thereon, constitutes assault and battery, where she was thrown and injured by reason of such act, even though such agent did not touch the plaintiff. p. 122.

12. TRIAL.—*Instructions.—General.*—A general applicable instruction announcing a principle of law, leaving the facts to the jury, will not be considered prejudicial. p. 124.

13. TORTS.—*Assault.—Wilful Injuries.—Intent.*—A wilful wrong does not necessarily import a direct design to do harm. p. 124.

14. ASSAULT AND BATTERY.—*Anticipating Consequences of Wrongful Act.—Instructions.*—An instruction that defendant company is presumed to intend the natural consequences of its wrongful acts, and that if defendant's agent tipped up the sewing machine in controversy while plaintiff was sitting on it, thereby throwing the plaintiff, to her injury, the defendant is presumed to have intended the consequences of such act, is correct. p. 124.

15. ASSAULT AND BATTERY.—*Damages.—Elements of.*—In an action for an assault and battery damages may be awarded for injuries at the time, permanent injuries resulting therefrom, mental suffering, humiliation, loss of time, physical pain and sense of shame. p. 125.

16. ASSAULT AND BATTERY.—*Possession.—Deprivation of.—Instructions.*—In an action for assault and battery committed in forcibly attempting to retake possession of a sewing machine which the vendee had lawfully received possession of, and which she claimed and refused to give up, instructions on the theory that the defendant had the right forcibly to take possession, should be refused. p. 125.

17. ASSAULT AND BATTERY.—*Damages.—Amount.*—Where there was evidence tending to show that by reason of defendant's act the plaintiff was so injured that she gave premature birth to her child, that she was caused much sickness, and possibly permanently disabled, a judgment for $1,000 will not be considered as excessive. p. 125.

From Floyd Circuit Court; *William C. Utz,* Judge.

Action by Nellie Phipps, by her next friend, against the Singer Sewing Machine Company. From a judgment on

a verdict for plaintiff for $1,000, defendant appeals. *Affirmed.*

*C. L. & H. E. Jewett,* for appellant.

*Evan B. Stotsenburg, John H. Wealhers* and *Paris & Trusty,* for appellee.

IBACH, J.—Appellee brought this action in the Floyd Circuit Court to recover damages for an alleged assault and battery committed upon her by appellant's agent, Louis J. Beach.

The facts briefly are as follows: Susan Read, the mother of appellee, leased a sewing machine from appellant company under a written agreement of conditional sale. This agreement gave appellant the right, if default in payment was made, to regain possession of the machine without recourse to law. The evidence shows that Mrs. Read made default in payment, and that she kept her outer door locked to prevent the sewing machine agent from entering her house and taking the machine. The agent watched the premises, and when one Kraft, the probation officer of Floyd county, entered the house to see appellee, Beach and another agent of appellant entered. To prevent them from removing the machine, appellee, a member of Mrs. Read's family, seated herself upon it. The assault and battery complained of was made, as alleged, by appellant's agent Beach in tipping the machine and raising one end of it from the floor, thus throwing appellee to the floor. In consequence of the injuries suffered, after three weeks she gave premature birth to a child.

The complaint was in two paragraphs, to each of which appellant's demurrer was overruled. The cause was put at issue by the general denial. The jury found answers to twenty-six interrogatories, and gave a general verdict in favor of appellee, assessing her damages at $1,000. Appellant then moved for judgment in its favor on the answers to interrogatories, notwithstanding the general verdict, which

motion was overruled. Appellant's motion for a new trial was overruled, and judgment rendered against it for the full amount of the verdict.

Nine assignments of error are made as follows:  (1) Overruling the demurrer to the first paragraph of complaint; (2) overruling the demurrer to the second paragraph of complaint; (3) sustaining the motion to strike out and suppress part of the deposition of appellant's witness, Louis J. Beach; (4) overruling the motion of appellant for judgment in its favor on the answers to interrogatories; the remaining five are in overruling the motion for a new trial on the grounds that the verdict was not sustained by sufficient evidence, that the court erred in giving instructions requested by appellee, that the court erred in refusing to give instructions requested by appellant, and that the damages were excessive.

The first paragraph of complaint is as follows: ''Plaintiff complains of defendant and says that on January 4, 1908, the defendant was a corporation duly organized and acting under the laws of New Jersey, and that on said date Louis J. Beach was then and there the servant and agent of said defendant, and on said date, while so acting as such servant and while acting in the line of his duty as such, and within the scope of his employment, he did on said day at the city of New Albany, in said county of Floyd, State of Indiana, wrongfully and unlawfully make an assault on this plaintiff, and did wound, injure and bruise her, whereby and by reason of which plaintiff became sick and gave premature birth to a child, and was unable to perform any work for three months, and was permanently injured.''

The second paragraph sets forth the same facts more particularly, averring the character of Beach's agency and the manner of committing the assault alleged.

Appellant urges that the first paragraph is insufficient, as merely stating the conclusion of the pleader, from facts undisclosed, that Beach in the line of his duty and within

the scope of his employment committed an assault and battery on appellee.

Under our code, a complaint must state facts and not conclusions. In the case of *Wabash R. Co.* v. *Savage* (1887), 110 Ind. 157, 159, the court held that an averment was sufficient that the defendant, acting through its agents and servants, injured the plaintiff, because this is equivalent to an averment that the injury was inflicted by the defendant, acting through its duly authorized agents and servants. This paragraph of the complaint in the case before us charges an assault and battery committed by appellant's agent while performing his duty as such, and by construction of law it is made the appellant's assault. There can be no doubt of its sufficiency, and it then became a question of evidence as to whether the person who performed the acts charged was the agent of defendant, and was acting at the time within the line of his duties. See, also, *Citizens St. R. Co.* v. *Clark* (1904), 33 Ind. App. 190, 104 Am. St. 249; *Oakland City. etc., Soc.* v. *Bingham* (1892), 4 Ind. App. 545.

The plaintiff is not bound to plead facts that are peculiarly within the knowledge of the defendant, such as the extent of the authority of his agent. (*Louisville, etc., R. Co.* v. *Crunk* [1889], 119 Ind. 542, 12 Am. St. 443); and it is sufficient, in pleading, to state the issuable facts without setting forth the evidence by which they are to be proved. *Feighner* v. *Delaney* (1898), 21 Ind. App. 37; *Indiana Bicycle Co.* v. *Willis* (1897,), 18 Ind. App. 525.

The same objections urged against the first paragraph are urged against the second, but having determined the first to be sufficient, the second, which in large measure supplies the elements that appellant claims are lacking in the first, is likewise sufficient. The relation of principal and agent existed between appellant and Beach

at the time of the alleged assault, and the doctrine

5. of *respondeat superior* obtains. A corporation in the same manner as an individual, is liable, to respond in damages for a tort committed by its agent in the line of his employment and within the range of his authority.

ʼ6. Such responsibility rests on the theory that the principal authorized the wrongful act either expressly or by implication. This seems to be the rule well recognized by the courts of the land.

The test in all similar cases seems to have been, Was the act complained of committed within the general scope of the agent's employment, and with the object in view

5. of accomplishing that employment or some portion thereof? If so, the employer will be answerable, though the act be ill-advised, malicious, and against his express order. Wood, Master and Servant pp. 593, 594. See, also, *Pittsburgh, etc., R. Co.* v. *Kirk* (1885), 102 Ind. 399, 52 Am. Rep. 675; *Rounds* v. *Delaware, etc., R. Co.* (1876), 64 N. Y. 129, 21 Am. Rep. 597; *Grand Rapids, etc., R. Co.* v. *King* (1908), 41 Ind. App. 701. In the case before us, the agent was authorized by appellant to enter Mrs. Read's home and to take possession of the machine in question. Appellant thereby permitted him to determine the method of obtaining such possession, and is therefore responsible for his misjudgment or misconduct; and if in gaining possession of the machine he used force sufficient to injure appellee, the result of such conduct will fall upon appellant.

Appellant also assigns error in sustaining appellee's motion to strike out the following part of the deposition of appellant's witness, Louis J. Beach: "Q. Did Mrs.

7. Read at any time offer to redeem the machine?

A. Some two months afterwards she tendered me $3, and as I objected, she said she would make trouble for the Singer Sewing Machine Company, and that she would make it cost them more than the price of the sewing ma-

chine." The reason assigned for the striking out was that what occurred between the defendant and Mrs. Read after the cause of action had arisen was immaterial.

Appellant claims that this evidence was proper for the purpose of showing the animus of Mrs. Read towards appellant. The answer was not responsive to the question, but was a mere volunteer statement. Appellant had a right to show the hostility of Mrs. Read, but did not at the trial offer this evidence for such purpose. In order to 8. impeach a witness on the ground of hostility, the foundation must be laid before the testimony becomes competent. *Jackson* v. *Swope* (1893), 134 Ind. 111. A proper foundation would have been laid by first putting the question concerning the statement to the witness on cross-examination, and then, if denied, introducing evidence to show that the statement was made. *Robertson* v. *McPherson* (1892), 4 Ind. App. 595. The question having 9. been properly suppressed, it is immaterial what reason was given by the court for its action.

No plea of justification was filed by appellee, and evidence tending to prove such defense could not properly be considered under the general denial. *Norris* v. *Casel* 10. (1883), 90 Ind. 143; *Meyers* v. *Moore* (1891), 3 Ind. App. 226; *Pyle* v. *Peyton* (1896), 146 Ind. 90; *Kirby* v. *Foster* (1891), 17 R. I. 437, 22 Atl. 1111, 14 L. R. A. 317; *Barr* v. *Post* (1898), 56 Neb. 698, 77 N. W. 123

Since the case was tried partly on the theory that appellant was justified in doing the acts charged, we will consider that defense briefly. The court below admitted 11. evidence supporting such theory, and although such evidence reveals the fact that appellant was the owner of the machine, and by contract had a right to retake it, it also appears that the possession by Mrs. Read was, in its inception, lawful, and that appellee got upon the machine for the purpose of preventing the agent from taking it. Although he did not touch appellee's person, and perhaps

had no intention of harming her, yet neither of these facts will excuse his liability for the assault.

The case in its aspect most favorable to appellant presents the question whether the owner of personal property who is entitled to its possession may by force retake it against the resistance of the one in possession. Blackstone, who is the source of most of our present law, says that the owner of goods, who has been deprived of them, "may lawfully claim and retake them, wherever he happens to find them; so it be not in a riotous manner, or attended with a breach of the peace; * * * that this natural right of recaption shall never be exerted, where such exertion must occasion strife and bodily contention, or endanger the peace of society." 3 Blackstone's Comm. *4. An assault and battery is a breach of the peace. *Andre* v. *Johnson* (1843), 6 Blackf. 375, is the only Indiana case squarely on the proposition, and the decision there, that the owner of personal property cannot take it from the peaceable though wrongful possession of another by violence on his person, has never been overruled. This principle has been upheld in the following cases: *Stanley* v. *Payne* (1905), 78 Vt. 235, 62 Atl. 495, 112 Am. St. 911, 3 L. R. A. (N. S.) 251; *Kirby* v. *Foster, supra; Drury* v. *Hervey* (1879), 126 Mass. 519; *Churchill* v. *Hulbert* (1872), 110 Mass. 42, 14 Am. Rep. 578; *Iron Mountain, etc., R. Co.* v. *Johnson* (1887), 119 U. S. 608, 7 Sup. Ct. 339, 30 L. Ed. 504; *Bliss* v. *Johnson* (1878), 73 N. Y. 529; *Sabre* v. *Mott* (1898), 88 Fed. 780; *Fredericksen* v. *Singer Mfg. Co.* (1888), 38 Minn. 356, 37 N. W. 453.

Beach was not justified in using force to gain possession of the machine from appellee, and this defense will not avail appellant. The owner of an article of personal property, the possession of which another party has rightfully and peaceably obtained from such owner, cannot regain possession by force, whether such possession at the time is lawful or not. His remedy lies in the courts.

There are cases, some of which have been cited by appel-

lant, which hold that force may be justified in the retaking of personal property, but these are cases in which the property was in the first instance wrongfully, forcefully, or fraudulently obtained by the other party.   Note to *Kirby* v. *Foster* (1891), 14 L. R. A. 317; note to *Stanley* v. *Payne* (1905), 3 L. R. A. (N. S.) 251.

Appellant also contends that the court erred in giving to the jury instructions four, five, thirteen and fourteen, tendered by appellee.

Instruction four is similar to the instruction given in *Citizens St. R. Co.* v. *Willoeby* (1893), 134 Ind. 563, 566, which was there upheld by the court in the following words applicable to the present instruction: "It is plain, we think, when the whole instruction is taken together, that the court was announcing to the jury a general proposition of law, leaving them to determine from the evidence in this case whether such principle was applicable to the conduct of the conductor, who is alleged to have inflicted the injury of which the appellee is making complaint."   The instruction given in the present case omits the one word used in the instruction given in the case just cited, to which the counsel in that case objected.   This instruction states the law correctly as to wilful injury, so far as it relates to the facts in the case.   It has been many times held by the courts of this State and other states that there may be a wilful wrong without a direct design to do harm.   *Palmer* v. *Chicago, etc., R. Co.* (1887), 112 Ind. 250, 255; 2 Am. and Eng. Ency. Law (2d ed.) 954.

Instruction 5 is as follows: "The jury is instructed that every one is presumed to intend the natural and probable consequences of his own wrongful acts.   So in this case, if you believe from the evidence that Beach tipped up the machine while the plaintiff was sitting on it and thereby throwing plaintiff off and down to the floor injuring her, then said Beach is presumed to have in-

tended the consequences of his acts.'' Though faulty in grammatical construction, this is a correct statement of the law, and is applicable to the present specific case, for we have seen that the act of Beach was wrongful.

Instructions thirteen and fourteen relate to the measure of damages, and instruct the jury to take into consideration not only mere pecuniary loss, but the following elements, if they are found to exist: Injuries at the time; permanent injuries resulting therefrom; mental suffering and mortification of feeling; loss of time from work; physical pain; sense of shame; mental anguish and agony; and humiliation. In assault and battery, damages may be given as compensation for any or all of the elements before set forth. These instructions were applicable to the issues and to the evidence. *Nipp* v. *Wisehart* (1893), 7 Ind. App. 642; *Kelley* v. *Kelley* (1894), 8 Ind. App. 606; *Golibart* v. *Sullivan* (1903), 30 Ind. App. 428.

The instructions tendered by appellant, which were refused, were based on the theory that the agent Beach had the right to use force to get possession of the machine, and, as such is not the law, they were rightfully refused.

Though the amount of damages may appear somewhat extravagant, it must be remembered that there was evidence from which the jury might have found that the premature birth of appellee's child was caused by appellant's assault, and that this was attended with much sickness, that she was possibly permanently disabled, and all the elements of damages before set forth may have been considered. The question of damages is one wholly within the sound discretion of the jury, and unless there appears to have been an abuse of the exercise of that discretion, it will remain as found by the jury, and this court will not disturb the verdict on the ground of excessive damages.

The answers to the interrogatories we have carefully examined, and find that they are not in irreconcilable conflict

with the general verdict, but that they support it in every material fact found.

There appearing no error in the record, the judgment is affirmed.