295 So.2d 408

**FORD MOTOR CREDIT COMPANY**

**v.**

**Starlene C. DITTON.**

**Civ. 268.**

Court of Civil Appeals of Alabama.

March 6, 1974.

Rehearing Denied April 10, 1974.

Joe S. Pittman, Enterprise, N. T. Braswell, III, Montgomery, for appellant.

Cassady & Fuller, Enterprise, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a judgment against defendant in an action of trespass of personal property. The verdict and judgment was for $5,000.00.

The evidence generally is not in dispute and was as follows: Appellant-Ford Motor Credit Company purchased a conditional sales contract for an automobile from Dismuke Ford of Enterprise, Alabama. The vendee of the automobile was the husband of plaintiff. After purchase, the plaintiff and her husband were divorced. As part of the divorce decree, plaintiff was given the automobile and her husband was directed to maintain the payments.

On July 10, 1972, an agent of Ford Motor Credit Company called plaintiff at her home at night, identified himself and informed her that payments on the car were in default and that he wished to take possession of the car. Plaintiff refused to relinquish possession. Appellant's agent then asked to come to her home and discuss the matter. Plaintiff assented. The agent

came immediately to plaintiff's home. Further conversation did not cause plaintiff to agree to relinquish possession. She referred the agent to her former husband. The agent talked to him by phone from plaintiff's home. The ex-husband stated the payments due were in the mail and that plaintiff was not to give up the car.

Plaintiff called her attorney, Mr. Joe Cassady, at his home. The agent talked with him. Cassady told him that possession was not to be given and that court action would be necessary. A call was made by the agent to his superior in Montgomery. The superior called Mr. Cassady. Mr. Cassady again told the superior that possession would not be given and that detinue would have to be filed. All of these conversations occurred while the agent was at the home of plaintiff on the night of July 10. While at plaintiff's home, the agent obtained from her information as to her place of employment and the hours of her work. The agent and his superior informed plaintiff and Cassady that it appeared they would have to "steal" the car. After some two hours of palaver the agent left plaintiff's home.

On July 12, 1972, appellant's agent, Brian, located the automobile in the parking lot at Cairns Field, Fort Rucker, Alabama, the place of plaintiff's employment. He obtained a wrecker and towed the automobile away to the lot of Dismukes Ford in Enterprise. After an interchange between Cassady and agent Brian, not material to the issues, plaintiff started and drove the automobile away.

On July 17, 1972, the delinquent payments were received in appellant's Montgomery office. Plaintiff filed suit December 22, 1972, on the common count for the wrongful taking of personal property.

The basic issue of the appeal is whether the taking possession of the automobile by appellant under authority of its contract after being informed that consent to taking was denied and that action through the court was necessary, constituted a wrongful taking and a trespass as a matter of law.

We have not been cited nor have we found any case which has involved the factual situation of this case. It has long been the law in this state that the title holder under a conditional sales contract, who becomes entitled to repossess for conditions of the contract broken, may take possession of the property, provided he does not in doing so use force or threats of violence against the person having possession or control or does not breach the peace. Street v. Sinclair, 71 Ala. 110; Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89; Folmar & Sons v. Copeland & Brantley, 57 Ala. 588; McGill v. Holman, 208 Ala. 9, 93 So. 848; Singer Sewing Machine Co. v. Hayes, 22 Ala.App. 250, 114 So. 420; Crews & Green v. Parker, 192 Ala. 383, 68 So. 287; American Discount Co. v. Wyckroff, 29 Ala.App. 82, 191 So. 790; McWaters v. Gardner, 37 Ala.App. 418, 69 So.2d 724; Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893. Title 7A, § 9–503, Uniform Commercial Code.

The gist of the action of trespass is an injury to the possession of personal property by use of unlawful force. Unlawful force is the essential element of the action. Cox v. Stuart, 229 Ala. 409, 157 So. 460; Webb v. Dickson, 276 Ala. 553, 165 So.2d 103. Such force may be actual physical force or it may be constructive force. Constructive force in such cases has been defined in a general way as that sort, such as threats or intimidation, to compel the submission of plaintiff against his will to the appropriation of what he asserts to be his property. Jones v. Americar, Inc., supra. The threats or intimidation referred to are those which if carried out would amount to a breach of peace or if resisted would tend to promote a breach of peace. We have found no case in which such threats and intimidation did not occur in the presence of the plaintiff and at the time of the taking. We can conceive of circumstances where such construc-

tive force could have been applied by letter or phone, etc., at a time prior to the taking, but such are not the facts in this case. We find in the evidence no threat or intimidation committed by the agent of defendant during the conversation with plaintiff or her attorney on the night of July 10—two days prior to the taking. The statement made by the agent, Brian, that since repossession was refused by plaintiff he would have to "steal" the car cannot be construed to amount to a threat or intimidation to compel plaintiff to submit. It was conceded by counsel in oral argument that such statement meant only that repossession would be attempted covertly at a time and place when plaintiff was not present.

 It is undisputed that the agent of appellant recaptioned the automobile at a time and place when plaintiff was not present. A breach of the peace neither occurred nor was threatened. Appellant recaptioned the property after default of the contract, which contract by its terms granted to appellant the right to repossess wherever the property could be found. Resort to the courts for recovery is only required if peaceable recovery cannot be effected.

It can be safely stated that absence of consent to repossession of personal property for default in payment of conditional sales contract is implied. A demand for possession is not required. Refusal of consent after demand for possession does not of itself require resort to legal channels for recovery. It was stated in the case of Street v. Sinclair, supra, that subject to the limitation that recaption must not be perpetrated in riotous manner or attended with a breach of the peace, "The owner of personal property, wrongfully withheld from him, may have redress by his own act without resorting to the delay of litigation. But he proceeds at his own peril if he commit the slightest assault or other breach of the public peace, for, if individuals were thus allowed to re-dress their own private injuries, the peace of society and good order of government would cease.

"The court erred, in our opinion, in charging the jury that the power of sale in the mortgage, after default, would confer no right on the defendants to take possession of the mortgaged property, *against the will* or *without the consent* of the mortgagor.*" [Emphasis ours.]

Where formerly the right to repossess personal property by a secured party may have depended upon contractual agreement, such is not now the case. Section 9–503, Uniform Commercial Code, gives such right by statute, absent contrary agreement.

The evidence in this case fails to support the essential element of the action of trespass, that of use of force, actual or constructive. Appellant was therefore entitled to have given the affirmative charge as requested. Assignment of error 18 is well taken and the judgment must be reversed. In view of reversal for error in refusing to give the affirmative charge, we pretermit discussion of other assignments of error.

Reversed and remanded.

BRADLEY and HOLMES, JJ., concur.