**Mary J. THOMPSON, Plaintiff-Appellee,**

v.

**FORD MOTOR CREDIT COMPANY, a corporation, et al., Defendants-Appellants.**

No. 76–3349

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 8, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409.

N. T. Braswell, III, Montgomery, Ala., for Ford Motor Credit Co.

Richard W. Whittaker, Enterprise, Ala., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

This Alabama diversity case arose when appellee Mary J. Thompson defaulted on her automobile installment contract and appellant Ford Motor Credit Company repossessed the automobile. Mrs. Thompson sued Ford for conversion and, in the alternative, for trespass to chattels. The jury awarded Mrs. Thompson $5,000. We find that the proof will not sustain the verdict, and reverse.

Mrs. Thompson bought a Ford Pinto automobile from the local Ford dealer in her home town of Enterprise, Alabama, on May 8, 1974. The dealer financed the purchase and Mrs. Thompson executed a retail installment contract which the dealer assigned to Ford Motor Credit Company. Mrs. Thompson soon fell behind in her payments on the contract. She was notified of her arrears by letter and by a visit from an employee of Ford. Mrs. Thompson does not dispute that she was in default on the contract in May 1975. The contract provided in part that in the event of default,

> Seller shall have all the rights and remedies of a Secured Party under the Uniform Commercial Code, including the right to repossess the Property whenever the same may be found with free right of entry, and to recondition and sell the same at public or private sale.

Mrs. Thompson damaged the automobile and took it to Hines Phillips 66 Service Station in Enterprise for repairs. While it was at the service station on May 22, 1975, it was noticed by Glenn Coles, a Ford employee who among other duties repossesses automobiles. Coles ascertained that the automobile was the one purchased by Mrs. Thompson, and then informed James Hines, the garageman, of his intention to repossess it. Hines testified that he replied, "No, you cannot repo it unless you contacted her [Mrs. Thompson] and it is okay." Hines testified that Coles then told him "he had seen her, and it was okay." Coles testified that he could not remember whether Hines asked him whether he had contacted Mrs. Thompson, but that he was "positive" that he did not tell Hines that he had Mrs. Thompson's permission to repossess the automobile. Hines and Coles agree that Hines then told Coles that Coles could have the automobile if he would pay the repair bill. Coles did pay the bill and repossessed the automobile on May 23, returning it to the Ford dealer.

On June 11, 1975, Mrs. Thompson filed an action in Alabama state court alleging the wrongful taking of the automobile and of a tape player, tapes, an umbrella, and personal papers which were in the automobile when it was repossessed. Mrs. Thompson later added as defendants Hines and the Phillips Petroleum Company; a motion for summary judgment was granted as to Phillips. On Ford's motion the cause was removed to federal district court, where it was tried on July 12 and 13, 1976. The jury returned a verdict against Ford in the amount of $5,000 and against Hines in the amount of $500. The trial judge dismissed the action as to Hines after the verdict was returned. Judgment was entered against Ford, and Ford appeals.

On appeal Ford argues that Mrs. Thompson lacked the requisite entitlement to the automobile to maintain an action in conversion, and that its repossession of the automobile did not involve a "breach of the peace" making its repossession wrongful. Mrs. Thompson argues that Coles' alleged

lie to Hines concerning Mrs. Thompson's consent to repossession was sufficient breach of the peace to make the repossession wrongful.

■ To sustain an allegation of conversion in Alabama the plaintiff must be able to show legal title and the immediate right of possession to the property in question. *Automotive Acceptance Corp. v. Powell*, 45 Ala.App. 596, 234 So.2d 593, 600 (1970). Upon default title and the right to possession pass to the creditor. *Harmon v. Dothan Nat'l Bank*, 186 Ala. 360, 64 So. 621, 622 (1914). In such circumstances the creditor may repossess the property by self-help. *Rainey v. Ford Motor Credit Co.*, 294 Ala. 139, 313 So.2d 179, 182 (1975); Ala.Code tit. 7A, § 9–503 (1958).[1] Because the creditor in this case, Ford, had legal title and lawful right to possession following Mrs. Thompson's default and the right to repossess by self-help, Mrs. Thompson cannot recover for conversion. *First Nat'l Bank of Butler v. Sturdivant*, 288 Ala. 133, 258 So.2d 715, 717 (1972).

■ Even following a default the law of Alabama provides for recovery if the repossession is accompanied by a "breach of the peace," thereby constituting a wrongful taking or trespass to chattels. *Automotive Acceptance Corp. v. Powell, supra*, 234 So.2d at 600; Ala.Code tit. 7A, § 9–503 (1958). This provision has recently been construed in circumstances very similar to those in the present case. *Ford Motor Credit Co. v. Ditton*, 52 Ala.App. 555, 295 So.2d 408 (1974), involved a repossession by the same Ford agency in Enterprise, the same Alabama town involved in the present case. In *Ditton* the defaulter explicitly refused Ford permission to repossess an automobile; Ford thereupon "stole" the automobile from a parking lot without the defaulter's knowledge. *Ford Motor Credit Co. v. Ditton, supra*, 295 So.2d at 410. The state court jury awarded the defaulter

$5,000—just as in the present case—and the Alabama Court of Civil Appeals reversed, saying:

The gist of the action of trespass is an injury to the possession of personal property by use of unlawful force. Unlawful force is the essential element of the action. *Cox v. Stuart*, 229 Ala. 409, 157 So. 460; *Webb v. Dickson*, 276 Ala. 553, 165 So.2d 103. Such force may be actual physical force or it may be constructive force. Constructive force in such cases has been defined in a general way as that sort, such as threats or intimidation, to compel the submission of plaintiff against his will to the appropriation of what he asserts to be his property. *Jones v. American, supra* [283 Ala. 638, 219 So.2d 893]. The threats or intimidation referred to are those which if carried out would amount to a breach of peace or if resisted would tend to promote a breach of peace. We have found no case in which such threats and intimidation did not occur in the presence of the plaintiff and at the time of the taking.

*Ford Motor Credit Co. v. Ditton, supra*, 295 So.2d at 411. To the same effect is *Speigle v. Chrysler Credit Corp.*, 56 Ala.App. 469, 323 So.2d 360, 363 (1975).

In light of *Ditton* and *Speigle* Mrs. Thompson has not made out a trespass to chattels. Undeniably no actual force accompanied Ford's repossession in this case. Further no breach of the peace occurred or was threatened; Mrs. Thompson was not intimidated or threatened. Neither a demand for repossession nor Mrs. Thompson's consent was required, *Ford Motor Credit Co. v. Ditton, supra*, 295 So.2d at 411. Merely to connive to repossess does not make Ford liable, as *Ditton's* facts show. The legislature of Alabama has given creditors the right to repossess collateral on default by self-help so long as neither actual nor constructive force is used; the record before us reveals no actual or constructive

---

1. Section 9–503, which is similar to the official text of Uniform Commercial Code section 9–503, provides in pertinent part:

Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action.

force as those terms are defined by the Alabama courts. Accordingly, as a matter of law there was no proof on which the jury could base an award.

 Concerning the personal property which Mrs. Thompson asserts was in the automobile at the time of repossession, and which she says has not been returned to her, the contract provided,

> Any personalty in or attached to the Property when repossessed may be held by Seller without any liability and Buyer shall be deemed to have waived any claim thereto unless written demand by certified mail is made upon Seller within 24 hours after repossession.

Again, Mrs. Thompson does not question the validity of the provisions of the contract. Mrs. Thompson does not assert that she made any timely demand upon Ford for return of the items contained in the repossessed automobile. Accordingly, no action will lie in conversion or trespass as to them.

REVERSED.