CENSUS FEDERAL CREDIT UNION,
Defendant-Appellant,

v.

Richard Henry WANN,
Plaintiff-Appellee.

No. 1-1179A333.

Court of Appeals of Indiana,
First District.

April 15, 1980.

William R. Mapother, Mapother & Mapother, Jeffersonville, for defendant-appellant.

· Stephen W. Voelker, Fifer, Vogt & Lanum, Jeffersonville, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

This is an appeal by the defendant-appellant, The Census Federal Credit Union, from an adverse judgment for trespass to personal property, in favor of the plaintiff-appellee, Richard Henry Wann.

We reverse.

## FACTS

The facts most favorable to support the judgment are as follows: Plaintiff borrowed money from defendant and executed a note and a security agreement on his automobile to defendant. The parties stipulated at the trial that the note was in default and that defendant had "every right under the security agreement to repossess the automobile." The security agreement contained a provision that in the event of default, defendant had all remedies of a secured creditor under the Uniform Commercial Code. Defendant made demand on plaintiff for possession of the automobile, but plaintiff refused to give possession of it to defendant. Defendant, through its agents, thereafter, without benefit of any judicial process, took possession of the automobile by taking it from the parking lot of the apartment building where plaintiff lived at approximately 12:30 a. m. During this second and successful attempt to repossess the automobile, no contact whatever was had by defendant's agents with plaintiff or other person in the immediate control of the automobile.

## ISSUE

The sole issue in this case is whether defendant was subject to any civil liability under the facts herein stated for exercising self-help repossession of the automobile under the authority of Ind.Code 26–1–9–503. Defendant contends that under this statute it had every right to take possession of the automobile without judicial process so long as it committed no breach of the peace in doing so. Plaintiff concedes that this general statement of the law is correct, but argues that defendant committed a breach of the peace by its actions. Therefore the sole issue in this appeal is whether the acts of the defendant amounted to a breach of the peace. At the trial the plaintiff proceeded upon the theory that when the defendant repossessed the automobile without the consent of plaintiff, it violated Ind.Code 35–43–2–2(4) (Supp.1979) which is a criminal trespass statute, and thereby committed a technical breach of the peace.[1]

The scope of review in appeals questioning the sufficiency of the evidence is limited to an examination of the evidence most favorable to the judgment of the trial court and the reasonable inferences to be drawn therefrom. We will neither weigh the evidence nor judge the credibility of the witnesses, but will affirm the judgment if supported by evidence of probative value. *Foreman v. State ex rel. Department of Natural Resources*, (1979) Ind.App., 387 N.E.2d 455.

## DISCUSSION

Ind.Code 26–1–9–503, a section of the Uniform Commercial Code (U.C.C.) adopted by Indiana, provides, in part, as follows:

"Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action."

In *Singer Sewing Mach. Co. v. Phipps*, (1911) 49 Ind.App. 116, 94 N.E. 793, the court held that an assault and battery committed in furtherance of a repossession by a seller without judicial process pursuant to a self-help provision contained in its contract was actionable. The court held that the goods could be retaken so long as the repossession was not accompanied by a breach of the peace. In 49 Ind.App. at 123, 94 N.E. at 796, the court said:

"[T]he owner of goods, who has been deprived of them, 'may lawfully claim and retake them, wherever he happens to find them; so it be not in a riotous manner, or attended with a breach of the peace; * * * that this natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.' "

In *Nicholson's Mobile Home Sales, Inc. v. Schramm*, (1975) 164 Ind.App. 598, 330 N.E.2d 785, the court held that repossession under Ind.Code 26–1–9–503 attended by assault and battery by the secured party's agents was actionable. It further held that this statute codified *Singer Sewing Mach. Co., supra*. In *Lou Leventhal Auto Co., Inc. v. Munns*, (1975) 164 Ind.App. 368, 328 N.E.2d 734, 742, the court said, "[W]e note in passing that the mere existence of statutory procedures for self-help repossession does not automatically sanction all conduct related thereto."

A breach of the peace includes all violations of public peace, order, or decorum. A breach of the peace is a violation or disturbance of the public tranquility or order, and the offense includes breaking or disturbing the public peace by any riotous, forceful, or unlawful proceedings. In accordance with the above definition, a breach of the peace may be an element of, or involved in, other offenses. 4 I.L.E. *Breach of Peace*, § 1 (1958).

---

1. Another issue has crept into plaintiff's brief, that is, that defendant could not enforce the note and security agreement because plaintiff was no longer a member of the Credit Union.

This issue does not seem to have been raised in plaintiff's complaint below or litigated, and it cannot be raised now. *City of Gary v. Archer*, (1973) 157 Ind.App. 477, 300 N.E.2d 687.

■ Disorderly conduct involves breaches of the peace as its proscriptions include fighting or tumultuous conduct, disruption of lawful assembly, obstruction of vehicular traffic, and rioting. Ind.Code 35–45–1–3 (Supp.1979).

We have examined holdings in other jurisdictions addressed to this issue under the U.C.C.

In *Morris v. First National Bank and Trust Co. of Ravenna,* (1970) 21 Ohio St.2d 25, 254 N.E.2d 683, the court held that intimidation or putting a person in fear for his safety exceeded the secured party's rights under the self-help provisions of the U.C.C. The court said that a breach of the peace for these purposes may consist of an act of violence or an act likely to produce violence, and that it was a public policy to discourage extrajudicial acts by citizens where those acts are fraught with the likelihood of resulting violence.

In *Deavers v. Standridge,* (1978) 144 Ga. App. 673, 242 S.E.2d 331, the court held that blocking the movement of the defaulting debtor's automobile after his oral protest to the secured party's repossession attempt was a breach of the peace.

A definitive statement of this type of suit and the rights and limitations of a secured party and the defaulting debtor was expressed in *Thompson v. Ford Motor Credit Company,* (5th Cir. 1977) 550 F.2d 256. In that case the finance company under a similar self-help statute winkled the automobile of a defaulting party away from a garageman who had custody of it for repairs. There the court, in ruling for the finance company, said, in 550 F.2d at 258:

"The gist of the action of trespass is an injury to the possession of personal property by use of unlawful force. Unlawful force is the essential element of the action. . . . Such force may be actual physical force or it may be constructive force. Constructive force in such cases has been defined in a general way as that sort, such as threats or intimidation, to compel the submission of plaintiff against his will to the appropriation of what he asserts to be his property. . . . The

threats or intimidation referred to are those which if carried out would amount to a breach of peace or if resisted would tend to promote a breach of peace. We have found no case in which such threats and intimidation did not occur in the presence of the plaintiff and at the time of the taking." (Citations omitted.)

Cases in other jurisdictions have held that absence of consent of the defaulting party to repossession is immaterial to the right of a secured party to repossess without judicial process. *Thompson, supra* ; *Speigle v. Chrysler Credit Corporation,* (1975) 56 Ala. App. 469, 323 So.2d 360; *Ford Motor Credit Company v. Ditton,* (1974) 52 Ala.App. 555, 295 So.2d 408; *Hollembaek v. Alaska Rural Rehabilitation Corporation,* (1968 Alaska) 447 P.2d 67; *Ford Motor Credit Company v. Cole,* (1973 Tex.Civ.App.) 503 S.W.2d 853. This, of course, is a necessary result, for contrary to the argument of plaintiff, Ind. Code 26–1–9–503, by its very existence, presupposes that the defaulting party did not consent. Should the defaulting party consent, no statutory authority would be required for a secured party to repossess, with or without judicial process. To hold otherwise would emasculate that statute.

■ Analysis of the above authorities reveals no substantial conflict. They reveal to us, in regard to the right of a secured party to repossess a chattel upon default without resort to judicial process pursuant to Ind.Code 26–1–9–503, a proscription of a secured party's use of force, intimidation, or harassment in the repossession of a chattel. The secured party may not in the process of repossession break into or enter into homes or other buildings or enclosed spaces, or commit any crime against the defaulting party, or disturb the peace, or otherwise commit any breach of the peace. Repossession upon default is not, in and of itself, a criminal trespass under Ind.Code 35–43–2–2(4). Consent for the repossession of the chattel by the defaulting party is not necessary. The secured party may, in repossession without judicial process under Ind.Code 26–1–9–503, take a chattel off a street, parking lot or unenclosed space. However,

even in the attempted repossession of a chattel off a street, parking lot or unenclosed space, if the repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court. We approve the reasoning contained in these authorities.

## DECISION

Plaintiff has not cited any authority, nor have we found any, in Indiana or elsewhere, that holds that the secured party cannot, under the self-help provisions of the U.C.C., repossess an automobile off a street, parking lot, or unenclosed space in absence of the defaulting party or any person in control of the chattel, as was done here. The plain policy of the law, as stated in *Morris, supra,* is to forbid acts that tend to provoke violence or any breach of the peace. We are of the opinion that under the facts of this case the act of the defendant in repossessing the automobile by taking it off the parking lot late at night, in absence of plaintiff or other person in immediate control of the vehicle, did not constitute a breach of the peace for the purposes of Ind.Code 26–1–9–503.

For the above stated reasons we order this cause reversed and direct the trial court to enter a judgment for defendant.

Reversed.

ROBERTSON, P. J., and RATLIFF, J., concur.