David Ash appeals from summary judgments for the defendants in Ash's action arising from an allegedly wrongful repossession of his 1976 Ford van. Defendants are Peoples Bank of Greensboro, which financed Ash's purchase of the van; Roberts Union 76, which sold him the van and later towed it when it was repossessed; and Jessie Bell, who signed as guarantor on Ash's note to Peoples Bank. Peoples Bank repossessed the van because Ash failed to maintain insurance coverage. Ash claims damages for breach of contract and conversion.
Ash purchased the van from Roberts Union 76[1] on March 20, 1983. To pay for the van, Ash borrowed money from Peoples Bank, executing to the bank a promissory note and security agreement. The amount of the note was $3374.94, payable in 30 monthly installments. Peoples Bank required a co-signer before lending Ash the money. Jessie Bell co-signed.
Peoples Bank, following its practice in lending money secured by personal property, required Ash to insure the van. He applied for insurance and a policy insuring the van was issued by Dairyland Insurance Company.
Although Ash made all the monthly payments on the note, he defaulted on his insurance premiums on two occasions. His coverage thereby lapsed. On the first occasion coverage was reinstated. On the second occasion Dairyland notified Peoples Bank that its coverage had expired and that the van would not be insured after February 7, 1984. On February 14, the bank notified Ash of the lapse, but he did not respond. The bank attempted to communicate with Ash by telephone but was unable to reach him. On March 2, Jessie Bell went to Ash's residence, at the bank's request, and told him he would have to reinstate the insurance.
Ash claims that he paid the premiums due on February 27, but the bank telephoned his insurance agency on the afternoon of March 2 and on the morning of March 3 and was told on both occasions that Ash's coverage had not been reinstated.
On March 3, 1984, Peoples Bank sent Richard Roberts to Ash's residence to repossess the van. Although Ash was in his house at the time, he did not answer Roberts's knock on his door. Receiving no answer from Ash, Roberts proceeded to take possession of the van, which was located on a public street. He transported it to Peoples Bank by wrecker.
After the repossession, Ash's mother and a friend of his went to the insurance agent and paid the premium for reinstatement. They took the receipt to Peoples Bank, whereupon the bank called Bell for instructions as to whether the van should be delivered to Ash. Bell told the bank to call the loan and refuse delivery of the van to Ash. Peoples Bank refused to deliver the van to Ash. It took the position that not only must the insurance be reinstated but also the entire balance must be paid before Ash could get the van. Ash was unable to pay the balance at that time, but he continued to make the monthly payments.
On May 7, 1984, Ash filed suit against Peoples Bank of Greensboro, Roberts Union 76, and Jessie Bell. The complaint, in three counts, alleged breach of contract, conversion, and wrongful repossession. The defendants filed motions for summary judgment based upon the ground that the property insurance had lapsed and the bank was entitled to repossess. The trial court granted the motions and entered judgments for the defendants.
The principal issue is whether Peoples Bank wrongfully repossessed the van and thereby became guilty of conversion.
Unless the parties have agreed otherwise, a secured party has the right to *Page 7 
take possession of the collateral upon a default. Code 1975, § 7-9-503. The secured party can use self-help to repossess as long as he does not commit a breach of the peace. Thompson v.Ford Motor Credit Co., 550 F.2d 256 (5th Cir. 1977); Speigle v.Chrysler Credit Corp., 56 Ala. App. 469, 323 So.2d 360, cert.denied, 295 Ala. 420, 323 So.2d 367 (1975).
It is without dispute that no breach of peace was committed. The question is, was there a default that warranted repossession? The failure of Ash to keep the van insured was the sole reason given by Peoples Bank for repossession. A representative of the bank testified on deposition:
 "Q. Did you repossess the van for failure to pay the monthly payments?
 "A. We repossessed the van because he failed to have insurance coverage."
The insurance clause in the security agreement required Ash to keep the van insured against loss by fire, theft, and collision. The default provisions gave Peoples Bank the right to require payment of the entire balance due on the loan if Ash breached any of the promises in the agreement.
Ash argues first that Peoples Bank is estopped from considering the lapse of insurance coverage as a default because the bank had previously failed to declare a default after such a lapse. The contract provides that the fact that the bank waives its rights in one instance does not mean it will waive them in other instances. Furthermore, Ash reinstated coverage in the first instance, but on the second occasion the bank determined from the insurance agency that he had not reinstated it as late as the morning of the repossession, which was nearly a month after the lapse and more than two weeks after the bank had sent Ash notice that he was required to reinstate coverage. Thus, the bank did not establish a pattern of allowing lapse of insurance coverage from which Ash could have been led to expect that such a lapse would not result in repossession. Cf. Bank of Huntsville v. Witcher, 336 So.2d 1384
(Ala.Civ.App. 1976). Ash's estoppel argument does not present reversible error.
Next, Ash argues that the bank committed a conversion when it refused to allow him to redeem the van when he reinstated the coverage. Code 1975, § 7-9-506. The bank correctly points out that what Ash attempted to do was not to redeem the van, but to reinstate the note. Section 7-9-506 allows the debtor, "after default[, to] redeem the collateral by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition." SeeRainey v. Ford Motor Credit Co., 294 Ala. 139, 313 So.2d 179
(1975). Ash argues that Peoples Bank never called for payment on the note, but its act of repossessing the van was sufficient notice that it considered the note in default. Further evidence that Peoples Bank made clear that it considered the note in default is provided by the fact that Ash's mother attempted to refinance the note at another bank, although she was unable to do so.
Ash argues that the bank acted wrongfully when it telephoned Bell and asked him whether he would consent to the bank's returning the van to Ash. This, in effect, was a request to Bell to be surety on the loan if it were reinstated. He had no obligation to do so. The bank told Ash's mother that it would return the van if she could find another surety. When she was unable to find another co-signer, the bank refused to reinstate the loan. Nothing in this constitutes a conversion or a wrongful failure to allow redemption.
Because none of the arguments advanced by Ash presents any reversible error, the judgments of the trial court are due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.
[1] The record consistently refers to a party by this name with no indication that it is a corporation, as opposed to a sole proprietorship operated by Richard Roberts. *Page 8