[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 730 
On August 17, 1990 General Motors Acceptance Corporation (GMAC) filed a complaint in the Circuit Court of Etowah County alleging that the defendant, Cynthia Cobb, had failed to make timely payments in accordance with a loan agreement. The defendant filed an answer in which she raised the affirmative defense of accord and satisfaction.
GMAC filed a motion for summary judgment and a supporting affidavit on October 29, 1990. The defendant then filed a motion in opposition to summary judgment and a supporting affidavit.
On November 20, 1990 the trial court heard oral arguments on the motion for summary judgment. The defendant subsequently filed a counterclaim alleging fraud on the part of GMAC. After considering the briefs and memoranda of law submitted, the trial court granted GMAC's motion for summary judgment on January 10, 1991. The defendant subsequently filed an appeal to this court. GMAC then filed a motion for summary judgment on the defendant's fraud counterclaim. The trial court entered an order granting this motion and disposing of all claims before the court in this action. The defendant filed an appeal of this order, and it has been consolidated with the first appeal filed.
Summary judgment is appropriate only if it is demonstrated by the pleadings and proof that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Casey v. Covington Bank, 485 So.2d 1169
(Ala.Civ.App. 1986). The party moving for summary judgment has the burden of proving the absence of any genuine issue of material fact. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala. 1989). Once the party moving for summary judgment has made a prima facie showing that no such issue exists, the burden shifts to the nonmoving party to produce substantial evidence of such an issue. Bass. Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the act sought to be proved. West v. Founders Life Insurance Co.,547 So.2d 870 (Ala. 1989).
The record reveals that the defendant purchased a Ford automobile from a local dealership. The defendant financed the car by executing a "Retail Installment Sale Contract and Security Agreement" with the dealership, which assigned the contract to GMAC. The contract required the defendant to make monthly payments to GMAC, and she eventually fell behind in these payments. A representative from GMAC then contacted the defendant to remind her that the car could be repossessed.
This conversation was described in the defendant's affidavit filed in opposition of summary judgment. The defendant stated that she offered to return the car to the local dealership if GMAC would release her from paying the remaining indebtedness on the car, and further alleged that the GMAC representative agreed to this. It is undisputed that the defendant returned the car to the local dealership.
The defendant first contends that the allegations in her affidavit present a genuine issue of material fact which, if proved, *Page 731 
would constitute a defense of accord and satisfaction.
The legal elements of an oral accord and satisfaction are: (1) proper subject matter, (2) competent parties, (3) assent or meeting of the minds, and (4) new consideration. BankIndependent v. Byers, 538 So.2d 432 (Ala. 1988). The subject matter and competency elements are basically undisputed by the parties. The facts concerning the defendant's conversation with the GMAC representative, while highly disputed, could satisfy the element of mutual assent if proven. However, GMAC argues that the element of new consideration could not be satisfied even if the statements contained in the defendant's affidavit were proven.
New consideration to support an accord and satisfaction exists where the debtor performs a substantial act which she is not already bound by law to do. Deason v. Thrash,465 So.2d 1118 (Ala. 1985). GMAC argues that, under the security agreement, it had the right to repossess the car at any time after the defendant went into default. GMAC thus concludes that the defendant's act of bringing the car to the local dealership is not new consideration for accord and satisfaction because it was an act she was already obligated to perform.
Under § 7-9-503, Code 1975, a secured party has the right to take possession of the collateral after the default of the debtor. However, § 7-9-503 also contains the following provision:
 "If the security agreement so provides the secured party may require the debtor to assemble the collateral and make it available to the secured party at a place to be designated by the secured party which is reasonable to both parties." (emphasis added)
Under § 7-9-503, the secured party's right to repossession is not dependent upon a specific contractual agreement. Ford MotorCredit Co. v. Ditton, 52 Ala. App. 555, 295 So.2d 408
(Ala.Civ.App.), cert. denied, 292 Ala. 423, 295 So.2d 412 (1974). Repossession may be accomplished by the secured party through self-help procedures, but the debtor herself has no duty to make the collateral available to the secured party unless a provision in the security agreement specifically allows for this. See Clark Equip. Co. v. Armstrong Equip. Co., 431 F.2d 54
(5th Cir. 1970). The right of the secured party to repossess collateral is thus quite different from the requirement that the debtor herself return the collateral after default. Clark.
In this case the record reveals that the security agreement between the parties contained no provision which required the defendant to return the car to the dealership and surrender it there. It is undisputed that the defendant did so. We therefore find the defendant did something which she was not required by contract or statute to do. This act could satisfy the element of new consideration needed to establish the defense of accord and satisfaction.
Before the doctrine of accord and satisfaction acts to extinguish an obligation, the secured party mustaccept the new consideration provided by the debtor. § 8-1-22, Code 1975. GMAC argues that there has been no such acceptance here. GMAC cites § 7-9-505, Code 1975, which provides:
 "In any other case involving consumer goods or any other collateral a secured party in possession may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor."
Section 7-9-505(2), Code 1975.
GMAC contends that under this statute its acceptance of the car from the defendant could not act as "acceptance of new consideration" because it was not evidenced by a release of the obligation in writing. GMAC points out that no such written notice was ever sent to the defendant from GMAC to inform her that GMAC would accept the car in satisfaction of the debt.
We do not find that § 7-9-505 is applicable here; indeed, the statute is not even premised on the doctrine of accord and *Page 732 
satisfaction. The statute merely provides a choice of remedies for the secured party who has repossessed collateral from a debtor in default.
Under § 7-9-505, a secured party is required to dispose of repossessed collateral by judicial sale if the debtor has paid more than 60% of the indebtedness upon it. The process of a judicial sale is regulated by statute and the debtor is entitled to any surplus gained from the sale. However, where the debtor has not paid 60%, § 7-9-505 allows the secured party to elect to keep the collateral in satisfaction of the debt. By electing to do this, the secured party may sell the repossessed property privately without statutory regulation and without surrendering the surplus profit to the debtor.
Section 7-9-505 does not require new consideration before the debt can be discharged at the secured party's election. Indeed, there is no need for new consideration. Such a discharge is not a new agreement between the secured party and the debtor; rather, it is a remedy for the benefit of the secured party and arises from the secured party's right to repossess the collateral. The secured party does not ask the debtor's permission to elect this remedy. He merely gives written notice of his decision to do so. The process is not one of bargaining, but is merely the exercise of right by the secured party.
Here, GMAC was not in possession of the car when it allegedly agreed to accept the car from the defendant in satisfaction of the debt. GMAC never repossessed the collateral; rather, the defendant herself brought the car to GMAC. The defendant was not required to do this act and GMAC had no right to demand it under the security agreement. In light of this, we find that the provisions of 7-9-505 were never activated. We are thus guided by the principles of accord and satisfaction, which are wholly separate from § 7-9-505.
Under the doctrine of accord and satisfaction, a release from indebtedness may be proven either by a writing or by an oral statement plus consideration; the consideration is an extra element of proof which substantiates the alleged oral statement. Parnell v. SouthTrust Bank, 496 So.2d 34 (Ala. 1986). In this case the defendant has made allegations of certain oral statements between herself and the GMAC representative and has offered evidence of consideration which substantiates her allegations. Accordingly, it is unnecessary for the alleged release to be evidenced by a writing.
We are required to view the evidence in the light most favorable to the defendant because she is the nonmoving party, and all reasonable doubts concerning the existence of a genuine issue of fact must be resolved in her favor. Bogle v. Scheer,512 So.2d 1336 (Ala. 1987). After so viewing the evidence, we find that there are several genuine issues of material fact concerning the elements of accord and satisfaction. Accordingly, we find that summary judgment was improperly granted on this issue.
The defendant next argues that the trial court erred in granting summary judgment on her counterclaim of misrepresentation and fraud against GMAC. In this counterclaim, the defendant reiterates the facts regarding her alleged conversation with the GMAC representative and her reliance on that conversation in returning the car to the dealership. The defendant then alleges that the conversation was a ruse by which GMAC was able to entice the defendant into returning the car without the expense of repossession. The defendant argues that a secured party is not allowed to repossess collateral by fraudulent means.
To support her argument, the defendant cites Ford MotorCredit Co. v. Byrd, 351 So.2d 557 (Ala. 1977). In Ford, the Ford Motor Credit Company asked the defendant, a customer, to come to the local dealership to discuss his account. The defendant took his car to the dealership and parked it and then went inside to consult with the account manager. The dealership repossessed the car while the customer was inside the manager's office. The Alabama Supreme Court found that a secured party *Page 733 
may not resort to such trickery or fraudulent inducement to gain control of the collateral, even if the debtor is in default.
In this case the defendant has alleged that she returned her car to GMAC in reliance on the oral agreement between the GMAC representative and herself. The defendant has further offered authority which shows that these allegations, if proven, could support a judgment in her favor on the issue of fraud and misrepresentation. GMAC has generally denied that its representative offered any assurances or promises as an inducement. The issues of fact which surround this alleged conversation are thus in dispute and critical to the claims of both parties.
On motion for summary judgment, the moving party bears a heavy burden. The movant must negate the existence of any issue of material fact by showing that there is no evidence tending to support the nonmoving party's position. Kenai Oil Gas,Inc. v. Grace Petroleum Corp., 512 So.2d 1347 (Ala. 1987). We find that GMAC has failed to meet this burden. Moreover, our analysis of GMAC's arguments reveals that GMAC was not entitled to judgment as a matter of law. Accordingly, we find that the trial court's granting of summary judgment on the issues before us was in error. The trial court's judgment is hereby reversed and the cause is remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.