THIGPEN, Judge.
Ford Motor Credit Company (Ford) petitions this court for a writ of mandamus directing the Circuit Court of Talladega County to grant its motion for change of venue.
Ed and Don Cleveland (Cleveland), filed suit against Ford, Greg Sparks, the collection supervisor for Ford, and Alabama Financial Adjusters of Birmingham, Inc. (Adjusters), alleging that defendants “converted to their own use” an assortment of fireworks stored in the vehicle, which was repossessed by one or all of the defendants. From the record, it appears that Cleveland had purchased the vehicle, subject to a debt thereon to Ford. Cleveland *715 later became delinquent in making payments and was two months delinquent at the time of the repossession. Greg Sparks, collection supervisor for Ford, employed Adjusters to repossess the vehicle. The vehicle was ultimately repossessed at the home of Cleveland’s father in Talladega County, Alabama, and taken to a storage lot in Birmingham, Alabama. After arriving in Birmingham, the vehicle contents were inventoried. The following day, Cleveland drove to Birmingham to retrieve the fireworks and personal property and discovered that some of the items were missing. Cleveland alleges that the fireworks became wet while the vehicle was stored in Birmingham, and were hence destroyed, and he initiated this action for conversion in Talladega County.
Ford contends that the writ should be granted because neither corporate defendant does business by agent in Talladega County, nor is Sparks a resident thereof. Moreover, Ford asserts that based upon its security interest, it could repossess a vehicle upon default, and any property in the vehicle would be and was held for the owner; therefore, any subsequent conversion could only occur after Cleveland’s demand for return of the property, and such could have only occurred in Jefferson County, Alabama. We agree.
Venue in an action for conversion is proper in either the county where the defendants, or any one of them, resides, or in the county where the act occurred; and to corporate defendants, venue is proper in any county where the corporation does business by agent. Ex parte Sutton, 508 So.2d 682 (Ala.Civ.App.1987).
In support of its assertions, Ford presented the sworn affidavit of Sparks that he did not reside in Talladega County, and that to his knowledge, neither Adjusters nor Ford do business by agent in Tal-ladega County. Jimmy Dodson, of Adjusters, testified in deposition that his business was located in Birmingham, Alabama. Accordingly, none of the defendants reside in Talladega County for purposes of venue.
Cleveland contends that notwithstanding the residences of the defendants, the conversion took place in Talladega County. There is no contention by Cleveland that the repossession was tortious or unlawful. Upon default, one with a security interest in property may repossess same and is entitled to its immediate possession. Ash v. Peoples Bank of Greensboro, 500 So.2d 5 (Ala.1986). The security agreement between Ford and Cleveland provided that the creditor, upon repossession “... may also take goods found in or on vehicle when repossessed and hold them for you.” Cleveland was therefore required to make a demand for the return of the property, and that demand be refused for conversion to occur, where Ford rightfully acquired possession of the property. Citizens Bank v. Coffee County Bank, 431 So.2d 1203 (Ala.1983). The property was returned on demand in Jefferson County; therefore, any conversion could only have occurred in Jefferson County.
The writ of mandamus is granted to direct the Circuit Court of Talladega County to transfer this cause to Jefferson County wherein the alleged conversion might have occurred.
WRIT GRANTED.
RUSSELL, J., concurs.
ROBERTSON, P.J., dissents.