# Avary *v.* Perry Stove Manufacturing Co.

### Trial of Right of Property.

1. *Verdict in trial of right of property; assessment of value.*—A verdict in a trial of the right of property in a stock of goods, which states the number and value of each of the different things composing the stock, the value of each lot separately, and then states the aggregate value of the whole stock, substantially complies with the requirement

[Avary v. Perry Stove Manufacturing Co.]

of the statute (Code, § 3007) that the jury must, "as far as practicable, assess the value at the time of trial of each article separately." .

2. *Plaintiff in attachment cannot claim under conveyance which he attacks as fraudulent.*—Where a writ of attachment was levied on property to which a third person interposes a claim under a prior conveyance from the defendant in attachment, the plaintiff in attachment, cannot, in a trial of the right of property, assert a right to share in the benefits of that conveyance, as his claim, based upon the attachment, is not under, but in opposition to that conveyance.

3. *General charge on effect of evidence.*—Where there is conflict in a material part of the evidence, or if the proof so fail to establish every material fact in issue as that inferences become necessary to justify a finding, a general affirmative charge on the effect of the evidence should not be given.

APPEAL from the City Court of Anniston.

Tried before the Hon. B. F. CASSADY.

The appellee, the Perry Stove Manufacturing Company, a corporation, brought suit by attachment against Lewy & Goetter, and had the writ levied on a stock of goods, to which the appellant, Philip Avary, interposed a claim under a prior conveyance by Lewy & Goetter. On the trial of the right of property, judgment was rendered in favor of the plaintiff in attachment, and the claimant appeals.

The verdict of the jury was as follows : "We the jury find the issues in favor of the plaintiff, and assess the value of the property levied on as follows : 30 chromos at .75—$22.50 ; 29 nest tubs at 2.50—66.70," etc. The verdict proceeds with an enumeration of the various article, giving the number and valuation of each, the value of each lot, and closes with a statement of the aggregate value of all the articles taken together.

J. J. WILLETT, and CALDWELL & JOHNSTON, for appellant, cited *Bowdon v. State,* 91 Ala. 61 ; *Hissony v. Richmond & Danville R. Co.,* 91 Ala. 514 ; *Hatchett v. Blanton,* 72 Ala. 423 ; *Espy v. Comer,* 80 Ala. 333 ; *Townsend v. Brooks,* 76 Ala. 308 ; *Savage v. Russell,* 84 Ala. 103 ; Code, § 3007.

AGEE & MICOU, and MATTHEWS & WHITESIDE, *contra.*

STONE, C. J.—Our statute requires that in trials of the right of property the jury must, "as far as practicable, assess the value, at the time of the trial, of each article separately." Code of 1886, § 3007. It is contended that the verdict in this case fails to conform to this statutory requirement. We think there is nothing in this objection. The verdict is much fuller in this regard than we usually find them, and we think it a substantial compliance with the

statute.—*Townsend v. Brooks*, 76 Ala. 308; *Jones v. Anderson*, *Ib.* 427; *Savage v. Russell*, 84 Ala. 103.

The court, at the request of plaintiff, preferred in writing, instructed the jury to find for the plaintiff, if they believed the evidence. One contention on which that charge is attempted to be justified is that the conveyance to Avary was not a sale, but only an assignment; that it conveyed substantially all the property owned by Lewy & Goetter; that it was therefore a general assignment enuring "to the benefit of all the creditors of the grantor equally," and for this reason the City Court did not err in giving this charge. See Code of 1886, § 1737. Several answers may be made to this contention, but we need state only one.

The present litigation originated in an attachment at the suit of appellee against Lewy & Goetter, a mercantile firm, and was levied on merchandise. Avary interposed a claim to the goods under the statute, and thus inaugurated what is known in our jurisprudence as a trial of the right of property. From the judgment rendered in that collateral suit the present appeal was taken. Now, the necessary issue in the court below was whether the goods were the property of Lewy & Goetter, or of Avary, the claimant. This depended on the *bona fides vel non* of Avary's purchase from them. The attachment assailed the validity of his purchase, and plaintiff's right depended on the alleged fraud in that sale. The claim asserted was against the sale, and not under it. The attachment claimed that the property was still subject to Lewy & Goetter's debts, not by virtue of the conveyance or assignment, but in opposition to it, as not being made in good faith. A right to share in the benefits of that conveyance can not be asserted and maintained in the form here resorted to.—3 Brick. Dig. 49, § 16; *Hatchett Blanton*, 72 Ala. 423; *Espy v. Comer*, 80 Ala. 333; 3 Brick. Dig. 50. Other reasons might be given why the statute under discussion can exert no influence in the consideration of this case.

It is only when the evidence, in its material bearings, all points in one direction, is free from conflict, and so completely makes out the case as to leave no material element unproved, or to be inferred, that the general charge can be given with propriety. If there be conflict in a material part of tne testimony, or, if the proof so fail to establish every material fact in issue as that inferences become necessary to justify a finding, a general charge on the effect of the evidence should never be given.—*Hissong v. Richmond & Danville Railroad Co.*, 91 Ala. 514; *Bowden v. State, Ib.* 61;

[Avary v. Perry Stove Manufacturing Co.]

*Payne v. Matthis*, 92 Ala. 585; *M. & B. Railroad Co. v. Ladd*, *Ib.* 287; 3 Brick. Dig. 109, §§ 41, 43, 44; *Ib.* 110, §§ 52, 53, 55.

Lewy & Goetter were mercantile partners, and Avary testifies that he desired and offered to buy out Lewy. This failed. The testimony of Avary, of Lewy and of Goetter was in substance that Lewy & Goetter then proposed to borrow from Avary six thousand dollars, which they, Lewy & Goetter, informed him would "make them straight." Their testimony is that Lewy & Goetter stated they then had in their store twelve thousand dollars worth of merchandise, and owned two thousand dollars of solvent dues—total, fourteen thousand dollars. This loan, according to their testimony, was thereupon agreed on and made, and a mortgage given on the entire stock of merchandise to secure its repayment. The mortgage bears date March 6, 1890. The mortgage recites and secures a debt of twelve thousand dollars, when only six thousand were due. Avary testified that this was done to secure further and future loans, then had in contemplation. Two days afterwards, March 8, 1890, Avary, under the advice of his counsel, had the fact indorsed upon the record of his mortgage that only six thousand dollars were due upon it. Four days after this, March 12, 1890, Lewy & Goetter sold their entire stock of merchandise to Avary, who, according to their testimony, took immediate possession. This, in payment of said six thousand dollars borrowed, and of certain other moneys promised to be paid by Avary. A few days later—March 25, 1890—the attachment in this case was sued out, and levied on a part of the merchandise, and the present claim interposed. The bill of exceptions contains this recital: "Evidence on the part of plaintiff tended to show fraud on the part of Lewy & Goetter, and participation therein by Philip Avary, which was contradicted by said Avary and by said Lewy & Goetter."

It is not our intention to comment on the testimony *pro con* in this case. The intention and purpose of the transaction, the fraud or *bona fides* of the parties, being questions for the jury, we forbear to offer any suggestions of our own. It is manifest, however, that the material testimony laid before the jury was not without conflict, nor was the testimony so specific and complete as to relieve the jury of the duty of drawing inferences. The City Court erred in giving the general charge.

Reversed and remanded.