319 So.2d 257

**Bill ADAMS, as guardian of Sam Adams, a non compos mentis, et al.**

**v.**

**Sam ADAMS, who sues by his next friend and sister, Viola Haynes.**

**SC 1308.**

Supreme Court of Alabama.

Sept. 4, 1975.

Taylor & Taylor, Russellville, for appellants.

Bedford & Bedford, Russellville, James & Lowe, Haleyville, for appellee.

**BLOODWORTH, Justice.**

Appeal by guardian and others from judgment and jury verdict finding Sam Adams to be of sound mind. Affirmed.

Heretofore, on June 29, 1973, a jury in Franklin County Probate Court found Sam Adams to be a person of unsound mind, and his brother Bill Adams was appointed guardian. A decree was subsequently entered setting aside a deed Sam Adams had executed to a 328-acre tract of land which he had previously agreed to sell for $50,000. The purchase price was repaid.

A year or so later, the guardian obtained a sale of the same lands for $82,500 and petitioned the court to approve the sale. Sam Adams then filed a petition by a sister as next friend to revoke the letters of guardianship. A trial was held before a jury at which various witnesses testified, lay and medical, including Sam Adams himself. The jury decided the issues in favor of Sam Adams, finding him to be of sound mind. Judgment was entered accordingly. The guardian and certain brothers and sisters have appealed.

It is contended on this appeal that the verdict is contrary to the weight of the evidence and that there is insufficient evidence to support the jury's verdict and the court's judgment.

We have read the entire record in this case. There is evidence on both sides bearing upon the issue as to whether there has been a change in the mental status of Sam Adams from the time of the former trial when the jury determined, and the court, declared, him to be of unsound mind.

Sam Adams is now 80 years of age. It appears he had suffered a stroke prior to the former inquisition hearing at which he was found to be of unsound mind. There is evidence in the record, which if believed by the jury, shows that Sam Adams has recovered from the effects of the stroke to the extent that he is considered by witnesses to be of sound mind at the time of the second trial.

 Much of the evidence is in conflict. The case was properly submitted to the jury. The jury's verdict is presumed correct. *Roberson v. Roberson,* 284 Ala. 5, 221 So.2d 122 (1969). It is the jury's province to decide from the evidence the truth of a disputed fact.

In view of the result we reach, we need not rule on the appellee's motion to dismiss the appeal.

Affirmed.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.