Plaintiff appeals from the trial court's denial of his motion for new trial in an action where plaintiff sought to recover against defendant for wrongful trespass and conversion. We affirm.
Plaintiff, Aubrey Pierce, filed a complaint against defendant, Ford Motor Credit Company (FMCC), seeking damages for FMCC's alleged wrongful taking and conversion of a truck and other personal property. The trial court granted defendant's motion for a directed verdict as to the claim concerning conversion of the truck. The jury returned a verdict for defendant on the plaintiff's claim of conversion of the personal property in the truck. An appeal resulted.
The plaintiff purchased the truck from Sales Ford, Inc. in Monroeville, Alabama. He agreed to make monthly payments of $108.74 for thirty-six months beginning June 9, 1976. He also agreed to maintain insurance on the vehicle. Contemporaneously with its execution, the contract was assigned by Sales Ford to the defendant.
Plaintiff made the June, July, and August payments. His check for the September payment was returned to defendant for insufficient funds. Plaintiff was also notified by defendant that his physical damage insurance had expired, and that defendant had purchased insurance for plaintiff and added the $205.66 premium to his account. On October 13, 1976, defendant sent its agent, Nelson Bayles, to obtain payment for the monthly installment and insurance premium. There was a dispute between Bayles and plaintiff as to what transpired between them. Bayles contended that he demanded payment in full from plaintiff and when plaintiff refused, Bayles left to work on another account. Plaintiff, on the other hand, contended that he told Bayles he was unaware of the bad check, and that Bayles had agreed to let him [plaintiff] make payment the next day in Mobile after checking with his bank in Frisco City. Bayles denied this. In any event Bayles left, and shortly thereafter the plaintiff drove to Frisco City where he went into his bank leaving the truck unattended on the street. Bayles testified that while in Excel working on another account, he spotted the plaintiff driving by. Bayles stated that he followed the plaintiff to his destination, went over to the parked truck containing the ignition keys, verified the serial numbers, and drove the truck back to Monroeville where it was locked up and inventoried.
Plaintiff on appeal essentially raises only one issue; that being whether there was a scintilla of evidence that possession of plaintiff's vehicle was obtained by the use of fraud, artifice, stealth or trickery, without his consent. Ford MotorCredit Company v. Byrd, 351 So.2d 557 (Ala. 1977). In Byrd our supreme court affirmed a verdict for an automobile buyer on his claim of conversion where the assignee had through trickery and fraud led the buyer to believe that he was being asked to drive the automobile to the dealer so that a good-faith discussion of whether his account was in arrears could be continued; but in fact the car was repossessed when the buyer arrived at the dealer's place of business. The court held those facts clearly supported the jury's right to conclude the buyer was lured to the dealer's place of business so possession of his auto might be obtained without his knowledge and consent, through stealth and trickery. Ford Motor Credit Company v. Byrd, supra. *Page 1115 
Plaintiff would have us hold that because defendant's agent, Bayles, obtained plaintiff's truck after secretly following him to Frisco City and taking the truck without plaintiff's consent, a conversion occurred within the meaning of the Byrd
case. However, the facts of the Byrd case and those of the present case are clearly distinguishable. In Byrd the plaintiff was tricked and deceived into bringing his car to the dealer's business where it was repossessed. In the present case, it is undisputed that no coercion or enticement of any kind was applied to plaintiff in order to get him to leave his truck unattended. The uncontradicted evidence shows that defendant's agent found the truck unattended, with the key in it, where he accomplished repossession without the slightest breach of peace. The evidence was also uncontradicted that plaintiff was in default at the time of the repossession on October 13, 1976.
Our cases have held that to sustain an allegation of conversion, the plaintiff must be able to show legal title and immediate right of possession to the property in question.Automobile Acceptance Corporation v. Powell, 45 Ala. App. 596,234 So.2d 593 (1970). Upon a debtor's default, title and right of possession pass to the creditor, and the creditor may repossess the property by self-help. Rainey v. Ford MotorCredit Company, 294 Ala. 139, 313 So.2d 179 (1975); § 7-9-503, Code of Alabama (1975). The creditor who is entitled to possession may use self-help provided he does not use force or threats of violence against the person having possession or does not breach the peace. Speigle v. Chrysler CreditCorporation, 56 Ala. App. 469, 323 So.2d 360 (1975). Neither a demand for possession nor the debtor's consent is required before the creditor is entitled to take possession. Ford MotorCredit Company v. Ditton, 52 Ala. App. 555, 295 So.2d 408
(1974).
The trial court properly overruled plaintiff's motion for a new trial. The judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.