A car dealership repossessed an automobile in the possession of one plaintiff, Christine Rutherford, and owned by a second plaintiff, her common law husband, C.W. Rutherford.
On this appeal, this Court is asked to decide these questions: whether the car dealer had a legal right to use self-help in the repossession of the automobile; whether the car dealer repossessed the automobile in a reasonable manner without a breach of the peace; whether the jury awarded the plaintiffs excessive damages; whether the trial court improperly admitted alleged hearsay evidence during the trial; whether the trial court erred by not granting the car dealer's motion for a directed verdict; and, whether the trial court erred when it refused to give certain requested jury instructions.
The pertinent facts of this case are as follows: Appellees are Christine Rutherford and her common law husband, C.W. Rutherford. C.W. Rutherford purchased a 1974 Cadillac from the defendant/appellant Big Three Motors, Inc. A second defendant/appellant, Fred E. Roan, Jr., worked for Big Three Motors and was involved with the repossession of the automobile, which is the subject of this controversy.
The evidence was conflicting regarding the event surrounding Big Three Motors' repossession of Rutherford's automobile. The Rutherfords asserted that Big Three Motors breached the peace when it repossessed the car; on the other hand, Big Three Motors and Roan claim that everything which Roan and other employees of Big Three Motors did was legally justified.
While the evidence was conflicting, the tendencies of the evidence indicate that while Christine was driving the Cadillac automobile on Interstate 65 in Mobile County, Roan and another Big Three Motors employee forced her to pull her car off the road. Roan and Christine exchanged words while they were standing on the shoulder of the Interstate. They do not agree on the exact words exchanged; therefore, they disagree on whether Roan's conduct at this time constituted a breach of the peace.
The Rutherfords presented evidence that Roan used the truck he was driving to block Christine's direct access back onto the Interstate. Roan denied this, but both parties agree that at some point in time, Roan got into the Cadillac and rode with Christine to the Big Three Motors dealership. After arriving at the dealership, Christine locked the car, took the keys with her, and went into an office of Big Three Motors. The parties disagree about the details of what took place in the office, but it is clear that at one point Christine spoke with C.W. Rutherford by telephone and told him about the events which transpired on the Interstate. Christine finally left the office and discovered that someone had then taken the Cadillac automobile from the spot where she had parked it. An employee of Big Three Motors informed her that the car had been put "in storage" because C.W. Rutherford owed payments. The parties disagree whether Big Three Motors offered Christine transportation away from the dealership. She finally left Big Three Motors in a taxicab.
C.W. Rutherford, the owner of the automobile, sued Big Three Motors and claimed *Page 485 
(1) conversion of his automobile and its contents, (2) detinue for its contents, and (3) wrongful repossession of the automobile.
Mrs. Rutherford also sued Big Three Motors and in addition, sued Fred E. Roan, Jr. and Cadillac Discount Corporation. In her complaint she alleged (1) unlawful imprisonment and (2) "detaining her against her will and taking said vehicle from her possession." Essentially, the defendants denied the material allegations of both complaints and the two complaints were subsequently consolidated for trial, but the trial court dismissed Christine's claim against Cadillac Discount Corporation. The jury returned a verdict in favor of Christine Rutherford for $15,000 and in favor of C.W. Rutherford for $10,000. Big Three Motors appealed.
On appeal, Big Three Motors claims that it legally repossessed Rutherford's automobile under the terms of their contract because Rutherford had defaulted in his payments, and because he had failed to maintain insurance coverage on the Cadillac. In Alabama ". . . a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace. . . ." Code 1975 § 7-9-503 (1975). This section does not permit repossession through fraud, trickery, artifice or stealth. Renov. General Motors Acceptance Corp., 378 So.2d 1103 (Ala. 1979), nor may the creditor "use force or threats of violence against the person having possession." Pierce v. Ford Motor Credit Co.,373 So.2d 1113, 1115 (Ala.Civ.App.), cert. denied,373 So.2d 1115 (Ala. 1979).
Rutherford does not deny that he was behind in his payments, but he contends that he had reached an agreement with one Tom Walley, the assistant credit manager of Big Three Motors. Several days prior to the time of the repossession, Rutherford claims Walley told him he could have a few extra days to make his payments without the automobile's being repossessed. Big Three Motors contends that any agreement between Walley and Rutherford, if made, would modify the written agreement between them, and a clause in the contract prohibited any modification of the contract. Rutherford does not dispute that the agreement could not be modified, but he contends that "[e]ven assuming, arguendo, that the agreement between Mr. Walley and Mr. Rutherford was ineffective, it would certainly pose a question for the jury as to whether the Rutherfords relied on the representations and whether they were made in order to deceive and lull the Rutherfords into a false sense of security with respect to keeping the vehicle and being allowed to make the payments in several days." Rutherford also argues that the witnesses for Big Three Motors testified that they were on the way to Hattiesburg, Mississippi, to repossess the vehicle. The Rutherfords argue that Big Three Motors intended to repossess the car on the day it was taken from the possession of Mrs. Rutherford. Further, the Rutherfords assert these actions are indicative of the fact that Big Three Motors had no intention of allowing Mr. Rutherford to wait several days to make his payments and, therefore, that the representations in the agreement to allow him to pay later were made with a fraudulent intent. Rutherford sums up his argument by stating that "[t]he facts clearly show that the repossession conducted by Big Three Motors was conducted by force and with use of trickery and fraud." As we have previously pointed out, the evidence in this case was conflicting and this Court has held on many previous occasions that where the evidence is conflicting, the credibility of the testimony is for the jury. Avary v. PerryStove Manufacturing Co., 96 Ala. 406, 11 So. 417 (Ala. 1892);Adams v. Adams, 294 Ala. 514, 319 So.2d 257 (Ala. 1975). Our review of the record reveals that even though the evidence was conflicting, the Rutherfords introduced ample evidence to support their claims against Big Three Motors. The jury could reasonably conclude and find that Big Three Motors used force, trickery and fraud in the repossession. In short, the evidence was sufficient to show that the actions of the agents of Big Three *Page 486 
Motors amounted to a breach of the peace because of the manner in which they pulled Mrs. Rutherford off the road and repossessed her husband's automobile. In Ford Motor CreditCompany v. Byrd, 351 So.2d 557, 560 (Ala. 1977), this Court stated:
 "`. . . Therefore, when appellant, as appears, by artifice or trickery obtained possession of the mortgaged property for one purpose and asserted the right to retain such possession for another purpose, there was a conversion by it of appellee's property, and the action must be treated as one for conversion. . . .'" [Citation omitted.]
The Court continued, stating:
 "The law cannot permit its subversion by devices such as here employed by FMCC in a self-help repossession. Possession of a chattel obtained through fraud, artifice, stealth or trickery without consent of the owner, implied or expressed, is wrongful and will support an action for the conversion of the chattel." Id.
Even though the evidence is undisputed that Rutherford was in arrears on his account, the totality of the events surrounding this repossession was such that the jury could have concluded that Big Three Motors made a wrongful repossession.
Big Three Motors claims that it was at most a gratuitous bailee of Mr. Rutherford's personal property, his automobile, and that it owed Rutherford a duty to provide only slight care to that property and, therefore, was not liable to him for its loss. Rutherford contends that no bailment existed and even though bailment can be created otherwise than by mutual contract of bailment, the possession of personal property must be lawfully acquired. Woodson v. Hare, 244 Ala. 301,13 So.2d 172 (1943). As we have already pointed out, the evidence was in sharp conflict as to whether or not Big Three Motors came into possession of the automobile and its contents in a lawful manner.
Big Three Motors claims that the trial court committed reversible error when it allowed into evidence a list of items allegedly stolen from the dealership. The Rutherfords called Ronald L. Powell, the custodian of records for the Mobile Police Department, to testify at the trial. Over Big Three Motors' objection, Powell testified that he had knowledge of the police records concerning the alleged burglary at Big Three Motors and he identified a list of items typed on Big Three Motors stationery as part of the police record. According to Powell, Big Three Motors provided this list as an account of what was taken during the alleged burglary of the dealership. The list did not include a citizen's band (CB) radio or police monitor which Rutherford claimed were in the Cadillac when Big Three Motors repossessed the vehicle.
Big Three Motors argues that the list was inadmissible as evidence because reports of investigating officers are hearsay.Vest v. Gray, 275 Ala. 286, 154 So.2d 297 (1963); Nettles v.Bishop, 289 Ala. 100, 266 So.2d 260 (1972). This Court has held that reports of investigating officers are generally not admissible under the "business exception" to the hearsay rule.Dennis v. Scarborough, 360 So.2d 278 (Ala. 1978). The Rutherfords argue that the list was not hearsay because it was offered only to rebut statements of the appellant's witnesses. At least two witnesses stated during their testimony that Big Three Motors reported to the police everything allegedly stolen during a burglary at the dealership. Big Three Motors called these witnesses and maintained during the trial that the personal property of C.W. Rutherford, including the CB radio and police monitor, were taken in the burglary. The Rutherfords offered the list of items to show that Big Three Motors had not reported all of Rutherford's personal property as having been stolen.
The trial court stated its reason to admit the list as follows:
 "The court also considers the fact that the witness' [sic] testifying as to the records of the, [sic] under his custody, for which he has a right to testify, that this particular matter is an exception to the case which says accident reports are inadmissible in that the purpose of the introduction *Page 487 
of this testimony is as rebuttal to testimony of the Defendant's witnesses that testified that they did in fact report it to the police.
 "And solely for that reason does the Court allow the matter to be introduced as to the statement attached to the docket sheet. . . ."
We find no error in the admission of this particular list which was on the stationery of Big Three Motors. The Rutherfords offered the evidence to rebut Big Three Motors' assertion that it had reported to the police all the items which had been stolen. Essentially, Big Three Motors raised as a defense that these particular items in the Rutherford car were stolen. We hold the trial court correctly admitted the list of purportedly stolen items in this particular case, because the list was on the stationery of Big Three Motors and because the list rebutted Big Three Motors' asserted defense that it had reported to the police all the items stolen.
Big Three Motors argues that assuming, arguendo, that the evidence was sufficient to allow Christine S. Rutherford to recover, the $15,000 the jury awarded in damages was greatly excessive. Big Three Motors states that it is only where a trespass is attended by rudeness, wantonness, recklessness or an insulting manner or was accompanied by circumstances of fraud and malice, oppression, aggravation or gross negligence that a jury is warranted in assessing punitive damages in an action of trespass, Ramos v. Fell, 272 Ala. 53, 128 So.2d 481
(1961). As we have already pointed out, the evidence regarding the events which surrounded the repossession was in sharp conflict. Our review of the record indicates that the jury was justified in awarding punitive damages for the conversion of Mr. Rutherford's automobile on the ground that it was attended by malice, fraud or deceit, and the repossession was conducted in an oppressive and insulting manner. Roan v. McCaleb,264 Ala. 31, 84 So.2d 358 (1956).
Big Three Motors also asserts that Mrs. Rutherford was not entitled to punitive damages because no rude or insulting conduct was directed toward her. Again, we point out that the evidence was conflicting on this point, and a jury question was presented whether or not the conduct by the defendants was such that an award of punitive damages was proper. As this Court stated in the case of Ray Hughes Chevrolet, Inc. v. Gordon,294 Ala. 638, 320 So.2d 652 (1975):
 "It is entirely appropriate for the jury in its assessment of punitive damages, if any, to consider any aggravating circumstances such as verbal insult, rudeness, etc., or the lack of such conduct. Indeed, evidence of this lack of personal abuse was properly admitted in the instant case. But the absence of any such aggravating circumstances does not legally invalidate the injured party's claim for punitive damages based on intentional misconduct. To hold otherwise would contravene the long and well-established rule allowing punitive damages for wantonness when the wrongful act causing injury may be as impersonal as the intentional wrongful operation of an automobile."
Also, in the case of Birmingham Ledger Co. v. Buchanan,10 Ala. App. 527, 65 So. 667 (1914), the Court stated with regard to the award of punitive damages in a case of false imprisonment:
 "Such damages may be awarded for an unlawful detention of one's person committed with actual malice or its legal equivalent. The malice required as an element for the recovery of such damages exists if there is a wanton disregard of the rights of the injured party."
Our review of the record satisfies us that the conduct of Big Three Motors and Fred E. Roan, Jr. was such an abuse of the personal rights of Mrs. Rutherford that the jury was entitled to make an award of punitive damages in the amount of $15,000. We conclude that the awards of punitive damages both to Mr. Rutherford and to Mrs. Rutherford were not excessive.
Appellants contend that the court erred in refusing to grant their motions for *Page 488 
a directed verdict and for judgment notwithstanding the verdict with respect to the complaint of C.W. Rutherford. On appeal, this Court must view the evidence presented at trial and retained in the record in the light most favorable to the party against whom motions for directed verdict are made. VintageEnterprises, Inc. v. Cash, 348 So.2d 476 (Ala. 1977). We are not convinced from a review of the evidence that the court committed reversible error in failing to direct a verdict in Big Three Motors' favor or for a judgment notwithstanding the verdict, with respect to the complaint of C.W. Rutherford.
Appellants also contend the court erred in refusing to grant their motion for a directed verdict as to Count II of the complaint of Christine S. Rutherford. In Count II, as amended, Christine S. Rutherford alleged as follows:
 "On or about the 4th day of April, 1978, Plaintiff was operating a motor vehicle, to-wit, a 1974 Cadillac Sedan de Ville, on a public highway in Mobile County, Alabama, to-wit, Interstate 65. At such time and place, Defendant, Fred E. Roan, Jr., was directing the operation of a truck owned by the Defendants, Big Three Motors, Inc. and Cadillac Discount Corporation, and caused such truck to block Plaintiff's way and made her pull over to the side of the road. Fred E. Roan, Jr., individually and as the agent, servant or employee of Big Three Motors, Inc., and Cadillac Discount Corporation, entered the motor vehicle being driven by Plaintiff and forced her to drive said motor vehicle to the corporate Defendant's car lot at 3001 Government Boulevard, Mobile, Alabama, detaining her against her will and taking said vehicle from her possession."
After reviewing the evidence in the record introduced in support of this count in the complaint, we are convinced that the trial judge did not commit error in refusing to direct a verdict in favor of the defendants. See Ridouts-Brown Service,Inc. v. Holloway, 397 So.2d 125 (Ala. 1981).
Finally, Big Three Motors argues that the trial court improperly refused certain jury instructions it requested. Our review of the record reveals that the trial court properly refused to give the instructions requested. The instructions dealt with the legal definition of "bailment," and assumed that Big Three Motors never committed a breach of the peace in connection with the automobile and its contents. As we have noted previously, the Rutherfords introduced sufficient evidence at trial to sustain their allegations on which the jury verdicts were based; therefore, the trial court did not err in refusing to give the requested instructions.
Having reviewed the claims of error and having applied the principles of law we deem to be applicable, we are of the opinion that the judgment of the trial court is due to be affirmed.
AFFIRMED.
JONES, SHORES and BEATTY, JJ., concur.
TORBERT, C.J., concurs specially.