While the statement of facts in the plaintiffs-appellants Callaways' brief recites that they obtained an extension of the deadline for making the delinquent payment that occasioned the repossession at issue, the Callaways do not argue any such extension as any part of the basis for their trespass and wrongful-repossession claims. Indeed, the issue and argument sections of their brief and reply brief do not even mention any such extension, much less cite any authority for the effectiveness or the effect of such an extension.
Thus, the Callaways effectively concede, for the purpose of the issues in the appeal now before us, that the payment was delinquent. Ex parte Martin, 775 So.2d 202, 206 (Ala. 2000) ("`When an appellant fails to argue an issue in [his] brief, that issue is waived.'" (quoting Boshell v. Keith, 418 So.2d 89, 92
(Ala. 1982))). See Rule 28(a)(10), Ala. R.App. P. Therefore, the statement in the main opinion, quoting Chief Justice Torbert's special concurrence in Big Three Motors, Inc. v.Rutherford, 432 So.2d 483, 488 (Ala. 1983), that "an agreement to extend the time of payment of a previously due obligation must be based itself on adequate consideration," is dictum in the context of the case now before us, and likewise the implication that an extension of the payment deadline was ineffective for lack of new consideration in the case now before us is dictum. *Page 859 
892 So.2d at 855. The issues in the appeal now before us do not require us to decide whether or not the Callaways gave or needed new consideration for such an extension.
I write specially because an estoppel may save the efficacy of even an extension granted without adequate consideration. Ott v.Fox, 362 So.2d 836, 839 (Ala. 1978). I recognize that an estoppel is no more at issue than an extension or consideration for one in the case now before us. Except for the dictum I have discussed in this special writing, I concur in the rationale of the main opinion, and I concur in the judgment.