8

JOHN ROBERGE, Individually and Doing Business as BURNT HILLS AUTO SALES, Appellant, v BANKERS TRUST COMPANY OF ALBANY, N. A., Respondent, et al., Defendants.

Third Department, December 31, 1981

APPEARANCES OF COUNSEL

*Grogan, Heggen & Steenburg, P.C. (David H. Pentkowski* of counsel), for appellant.

*Cooper, Erving & Savage (Stephen J. Waite* of counsel), for Bankers Trust Company of Albany, N. A., respondent.

OPINION OF THE COURT

SWEENEY, J. P.

On January 30, 1979, defendant Bankers Trust Company of Albany, N. A. (Bankers Trust) loaned defendant Morton $1,670 and he signed a note and security agreement granting Bankers Trust a security interest in his 1974 Fiat automobile. Bankers Trust did not record its security interest in the Fiat on the vehicle's certificate of title. Morton defaulted on the note and Bankers Trust took

possession of the Fiat and sold it to defendant Kaye's Imported Cars, Inc. (Kaye's). No certificate of title was exchanged at that sale. Thereafter the vehicle, by undisclosed means, came into the possession of defendant Morton, who sold the car to plaintiff. At this sale Morton produced a certificate of title which disclosed no liens or other encumbrances on the car. Subsequently, plaintiff was arrested and the police turned the keys to the vehicle over to defendant Kaye's.

The instant action was commenced alleging, *inter alia,* that plaintiff was damaged as a result of Bankers Trust's failure to record its lien and its improper foreclosure of the lien. Special Term dismissed the complaint as against Bankers Trust for failure to state a cause of action. This appeal followed.

A resolution of the controversy is distilled to whether Bankers Trust, at the time of default, had the right to foreclose its security interest and sell the vehicle to cover its losses pursuant to the security agreement executed by Morton, even though said security interest was unperfected.

We believe it did. Our research, however, has failed to reveal any case where the courts of this State have considered this precise issue. To resolve the issue, we must examine certain portions of the Uniform Commercial Code and the Uniform Vehicle Certificate of Title Act.

A fair reading of sections 9-501 and 9-503 of the Uniform Commercial Code demonstrates to us that Bankers Trust had a clear right to repossess the vehicle and foreclose its lien. These sections do not require that the secured interest of the creditor be perfected in order to foreclose. It is the Uniform Vehicle Certificate of Title Act (Vehicle and Traffic Law, art 46, § 2101 *et seq.)* which provides for the perfection of the security interest, and we find no requirement therein which necessitates the perfection of a security interest prior to foreclosure. Section 2118 of the Vehicle and Traffic Law deals with the priority of security interests among creditors and transferees. While a creditor needs to perfect his security interest to obtain priority, such perfection is not obligatory for all purposes. There

were no other liens at the time of the foreclosure. Plaintiff had no interest whatsoever in the vehicle, having purchased it some five months later. Furthermore, when Bankers Trust foreclosed its lien and sold the Fiat to Kaye's, it no longer had any security interest in the car. Since Bankers Trust had complied with all aspects of the law regarding repossession and sale, it owed no legal obligation to plaintiff. We reject plaintiff's contention that the Uniform Vehicle Certificate of Title Act superseded sections 9-501 and 9-503 of the Uniform Commercial Code and required perfection of the security interest prior to foreclosure. We have examined plaintiff's remaining arguments and find them unpersuasive.

The order should be affirmed, with costs.

CASEY, MIKOLL and HERLIHY, JJ., concur with SWEENEY, J. P.; MAIN, J., not taking part.

Order affirmed, with costs.