This lawsuit involves a claim of conversion based on the disposition of three 1984 Freightliner trucks and one 1978 International truck. The plaintiff, Kenneth Dale Hill, sold the realty and other assets of Ponderosa Manufacturing Company (including these trucks) on August 2, 1988, to Douglas Blan Stewart, Jr., and his wife. As part of the sales transaction, Stewart *Page 239 
and his wife executed a document styled "security agreement" and a UCC-1 financing statement. The UCC-1 financing statement was filed with the Alabama secretary of state on August 16, 1988.
Upon taking possession of the vehicles, Stewart sold them to Muscle Shoals Mack Sales, Inc. ("Mack Sales"), providing certificates of title for the trucks. Mack Sales subsequently sold them to Enoch McGee for the sum of $38,688.75. Shortly thereafter, McGee sold the vehicles. Stewart and his wife defaulted on the promissory note to Hill in October 1988 and Hill foreclosed, taking possession of the remaining assets of the corporation. Stewart has disappeared.
Hill sued McGee and Mack Sales on February 2, 1989. The complaint alleged conversion of the four vehicles. McGee filed an answer and filed a cross-claim against his co-defendant, Mack Sales, on March 20, 1989. McGee subsequently filed a motion for summary judgment, which was heard on June 15, 1989. The trial court entered a summary judgment in favor of defendant McGee on the grounds that the Alabama Uniform Certificate of Title and Antitheft Act, Code 1975, §§ 32-8-1 et seq. (the "Act"), provides the "exclusive" method of perfecting a security interest in a motor vehicle covered by the Act:
"JUDGMENT
 "THIS CAUSE comes on to be heard on the motion for summary judgment filed by the defendant, Enoch McGee, against the plaintiff, Kenneth Dale Hill.
 "Chapter 8, Title 32, Code of Alabama, 1975, sometimes cited as the Alabama Uniform Certificate of Title and Anti-theft Act (hereinafter called Act), largely dictates the result in this case.
 "The vehicles in question were year models subsequent to 1975 for which a certificate of title is required. Code 1975, § 32-8-30.
 "Is a security interest which is not perfected under the Act valid? The Act says 'no.' Code 1975, § 32-8-61, provides that a security interest in a vehicle for which a title certificate is required is 'not valid' against a subsequent transferee such as the defendant McGee unless perfected under the Act. The words 'not valid' in common English usage are direct and to the point.
 "How does one perfect a security interest in a vehicle? Code 1975, § 32-8-61, further provides that a security interest in a vehicle 'is perfected' when an existing certificate of title is delivered to the Alabama Department of Revenue, etc. The plaintiff neither contends nor offers proof that the claimed security interest was perfected as required under the Act.
 "Does the Act provide the 'exclusive' method for both perfecting and giving notice of a security interest in a motor vehicle required to be titled? The answer is 'yes.' Code 1975, § 32-8-66, provides that the procedure outlined in this Act is the exclusive method of perfecting and giving notice of security interests in motor vehicles required to be titled. 'Exclusive' and 'sole' are synonymous. State v. Bridges, [246 Ala. 486,] 21 So.2d 316, 319
[(1945)].
 "Without more, the Act makes it abundantly clear that the exclusive method of perfecting and giving notice is found in its provision and not under the Uniform Commercial Code. If there were any doubt, even the U.C.C., at Code 1975, § 7-9-302(3)(a), provides that a financing statement is 'not effective' to perfect a security interest covered under a certificate of title act. The plaintiff can take no comfort from Article 9 of the U.C.C.
"By way of summary:
 "1. § 32-8-61 provides that a security interest is 'not valid' unless perfected under the Act.
 "2. § 32-8-61 provides that a security interest 'is perfected' by following the procedures set out in this section.
 "3. § 32-8-66 sets forth the 'exclusive' method for both perfecting and giving notice of a security interest.
 "4. § 7-9-302(3)(a) states that a financing statement is 'not effective' to perfect a security interest under a certificate of title act. *Page 240 
 "The plaintiff neither contends nor offers proof that he either perfected or gave notice of a security interest pursuant to the exclusive procedures set forth above. The court is persuaded that the phrases and words 'not valid'; 'is perfected'; 'exclusive'; and 'not effective' lead to the conclusion that the plaintiff's case must fail as to the defendant McGee.
 "Prior to the enactment of the Alabama Uniform Certificate of Title and Antitheft Act, confusion reigned. Modern commercial practice dictated that the titling and perfecting of security interests in such vehicles in Alabama be clarified. Our certificate of title act sets forth a straightforward method of perfecting a security interest and giving notice thereof. Plaintiff did not comply.
 "An attempt to do 'justice at the palace gate' by carving out one of more exceptions to the exclusive procedures set forth in the certificate of title act will have some appeal in a given case; however, the proliferation of such exceptions by the courts of this state could lead to the chaos in the marketplace which existed prior to 1973. Such tinkering would be harmful and confusing to consumers, lenders and dealers alike. This Court holds that a financing statement is 'not effective' to perfect a security interest. § 7-9-302(3)(a). This Court further specifically declines to engraft any exception on the 'exclusive' method of perfecting and giving notice of a security instrument under the Act grounded in the alleged communications between the plaintiff and the defendant in which the plaintiff alleges that he told the defendant that he had a 'mortgage' on the trucks, had a 'lien' on the trucks, etc. It is hereby ORDERED and ADJUDGED as follows:
 "Summary judgment is entered in favor of the defendant, Enoch McGee, and against the plaintiff, Kenneth Dale Hill, . . . there being no genuine issue as to any material fact and the defendant being entitled to judgment as a matter of law.
"Costs are prepaid and are not taxed.
 "DONE and ORDERED at Florence, Alabama, this the 10th day of July, 1989.
 "/s/ Donald J. Patterson "Circuit Judge."
C.R. 267-70.
This judgment was made final pursuant to Rule 54(b), A.R.Civ.P., on September 27, 1989, and from it Hill appeals.
The issue before us is whether the trial court erred in holding that the Alabama Uniform Certificate of Title and Antitheft Act, § 32-8-1 et seq., provides the exclusive method of perfecting a security interest in a motor vehicle covered by the Act so that a UCC-1 financing statement is not effective to perfect a security interest in such a motor vehicle. The Act covers all motor vehicles designated as 1975 and subsequent year models (§ 32-8-30), with specific exceptions (§ 32-8-31). The four trucks involved in this case fall within the Act. Section 32-8-66 provides: "The method provided in this article of perfecting and giving notice of security interest in motor vehicles required to be titled under the terms of this chapter or titled under the terms hereof, shall be exclusive." (Emphasis added.) Section 7-9-302(3)(a) and (b), part of Alabama's enactment of the Uniform Commercial Code, provide that a financing statement is "not effective" to perfect a security interest under Alabama's certificate of title act. "Where motor vehicles are concerned, this Act rather than Article 9 of the U.C.C. governs the perfection of security interests. Sections 7-9-302(3)(b) and 32-8-66, Code of Alabama 1975." First Dallas County Bank v. General Motors AcceptanceCorp., 425 So.2d 460, at 464 (Ala.Civ.App. 1982), aff'd, Exparte General Motors Acceptance Corp., 425 So.2d 464
(Ala. 1983).
For the reasons stated above, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur. *Page 241