**In re L.J. JONES, Maggie L. Jones, Debtors.**

**Bankruptcy No. 96–03915–RRS–13.**

United States Bankruptcy Court, M.D. Alabama.

Feb. 25, 1997.

Benjamin E. Pool, Montgomery, Alabama, for debtors.

Barry C. Leavell, Montgomery, Alabama, for creditor.

## OPINION ON OBJECTION TO PLAN AND MOTION TO RECOVER VEHICLES

RODNEY R. STEELE, Chief Judge.

At Montgomery, Alabama on February 3, 1997 this motion for relief from stay was called for hearing. At that time the parties were given the opportunity to offer testimony and further pertinent information of the circumstances of this case. Upon conclusion the court took the matter as submitted.

1. The court understands that the debtors pawned the car in July, 1994, paid off the pawn in 30 days and "re-pawned" each month thereafter. The court does not ascertain from the facts, as

### Statement of the Case

This case involves a title-pawn transaction between the debtors and Fast Cash Title Exchange, (hereinafter "FCTE"). On July 12, 1994 the debtors pawned a 1986 Mercury Cougar and received $600.00. The pawn on the 1986 Cougar continued, monthly, until November, 1994.[1] Debtors also pawned a 1976 Chevrolet truck on September 19, 1994 for $600.00. The truck was "re-pawned" on October 24, 1994. The debtors filed their first petition for relief under Chapter 13 on January 17, 1995 in which FCTE was listed as a creditor. On June 21, 1996, the debtors' case was dismissed.

After the dismissal of the debtors first Chapter 13 case, and on or about July 20, 1996, the debtors and FCTE reached a new agreement whereby the debtors were to pay FCTE $200 down with the balance to be paid at a later date, in consideration of which FCTE would not take possession of the automobile(s).

On September 4, 1996 the debtors filed their second case under Chapter 13. FCTE filed an objection to the debtors' plan asserting that failure of the debtors to pay the pawn within 30 days rendered title to the pawnbroker; that "the debtors, by contract, are not obligated to repay any amount to FCTE, but FCTE is entitled to recover its property." (quoting FCTE's Objection to Plan and Motion to Recover Vehicles). The car and truck remained in the debtors' actual physical possession at all times.

### Issue Presented

The question presented on this submission is: "What kind of agreement was reached on July 20, 1996?" FCTE says it was a continuation of the pawn transaction. The debtors say it was a novation which created a security interest under Article 9 of the Alabama Uniform Commercial Code.

### Conclusions

The debtors contend, among other things, that the "new agreement" with FCTE either waived or relinquished any right to posses-

they were presented, that this pawn in July, 1994 was a continued transaction until November, 1994.

sion FCTE may have had in a non-pawn transaction. FCTE contends that the debtors remained under the original pledge agreement pursuant to Alabama Code §§ 5–19A–1 to 5–19A–20 (1975), in which after the expiration of 30 days where the debtors failed to "pay-off" their pawn, "the debtors lost all ownership rights in the property being pledged." (FCTE's Objection to Plan at page 1.) Because the debtors still have actual physical possession of both vehicles, we conclude that both are property of the estate. (11 U.S.C. § 541).

The debtors have two contentions in this case.

■ **1.** They first contend that if there was a transfer to FCTE of the two vehicles subject to the pawn, then such transaction is avoidable under 11 U.S.C. § 548, in that the debtors received less than reasonably equivalent value in exchange for such transfer. 11 U.S.C. § 548 states, in part:

> (a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, *that was made or incurred on or within one year before the date of the filing of the petition* ... (emphasis added)

The pawn transaction(s) in this case took place in October and November 1994, well outside the one year limitation of 11 U.S.C. 548(a). For a determination of whether the transaction occurred within the one year limit, we must read 11 U.S.C. § 548(a) in conjunction with 11 U.S.C. 548(d)(1) which states, in part:

> [F]or purposes of this section, a transfer is made when such transfer is so perfected that a bona fide purchaser from the debtor against whom applicable law permits such transfer to be perfected cannot acquire an interest in the property transferred that is superior to the interest in such property of the transferee, but if such transfer is not so perfected before the commencement of the case, such transfer is made immediately before the date of the filing of the petition.

It is clear that the original pawns were more than a year before the filing of this case when the transfer of the title certificate created a constructive possession in FCTE. (See *Floyd* infra.)

■ **2.** The debtors' second contention is that the agreement following the dismissal of the debtor's first case acted as a novation or a modification of the pawn agreement thereby creating a waiver or relinquishment of the prior agreement.

FCTE and the debtors had been operating under the pawn transaction since its inception in the latter part of 1994. Under the Pawnshop Act absolute title to the pledged items would have passed 30 days after default. (See Alabama Code 5–19A–6 (1975)). FCTE asserts that under 5–19A–6 of the Alabama Code that there could be no "new agreement" since FCTE, pursuant to that section, already had title/possession, because the debtors Chapter 13 case was filed after the period for redeeming the cars, (i.e. certificates of title), had passed.

But FCTE in agreeing to modify its position with the debtors on July 20, 1996 effectively avoided 5–19A–6 of the Alabama Code by its decision not to enforce its lien on the pledged cars. The debtors continued in possession of the automobiles and FCTE continued to take money from the debtors, but more importantly, FCTE did not enforce its lien, based entirely upon the new posture of the parties.

■ Regardless of FCTE's decision not to enforce the lien, (but partly because of that decision), there exists an agreement which looks like a novation. Novation is defined as:

> Substitution of a new contract, debt, or obligation for an existing one, between the same or different parties. The substitution by mutual agreement of one debtor for another or of one creditor for another, whereby the old debt is extinguished. The requisites of a novation are a previous valid obligation, an agreement of all the parties to a new contract, the extinguishment of the old obligation, and the validity of the new one. Black's Law Dictionary, 5th edition, West, 1979.

■ In the case of *Marvin's Inc. v. Robertson,* 608 So.2d 391 (Ala.1992), the court stated that:

... [T]o establish a novation there must be: (1) a previous valid obligation; (2) an agreement of the parties thereto to a new contract or obligation; (3) an agreement that it is an extinguishment of the old contract or obligation; and (4) the new contract or obligation must be a valid one between the parties thereto. *Marvin's* at 393.

In the case at bar it is established that requisites 1, 2, and 4, above, are met. Whether the agreement between FCTE and the debtors extinguished their prior agreement under the terms of the pawn transaction must be established from the total facts and circumstances of the transaction. *Ingalls Iron Works Co. v. Fruhauf Corp.*, 518 F.2d 966 (5th Circuit, 1975). Here, FCTE had the legal right to enforce its lien. As consideration for the debtors' continued payment, FCTE was willing and did forego its right to take the debtors property.

FCTE argues that the agreement with the debtors was that they, the debtors, would be allowed to keep their car by putting $200.00 down, paying the balance off at some later time, and further assuring FCTE that they would not file another case in bankruptcy. FCTE, in consideration of the agreement with the debtors, would not "take their car(s) at this time." Counsel for FCTE also stated that under the Pawnshop Act of Alabama, this new agreement is allowed without affecting the original pawn transaction. We find no authority for this proposition. Some new agreement was made between the FCTE and the debtors. FCTE concedes this point. This new agreement cannot be considered a meaningless exercise with absolutely no effect on the parties pawn arrangement.

We find that the agreement reached between the parties was either a novation, which the facts and circumstances support, or a modification. Regardless of the name of the transaction a new agreement was reached that placed the parties in a position different from that they held under the original pawn transaction.

The new agreement between FCTE and the debtors on July 20, 1996 created a security interest.[2] Alabama Code section 7–9–203 (1975) defines such an interest as created when "the collateral is in the possession of the secured party pursuant to agreement, ...; and value has been given; and the debtor has rights in the collateral ..."

All of the above criteria necessary for a security interest under Alabama law, have been met here.

■ Under section 7–9–203(1)(a), there are two ways to create a security interest: either possession by the secured party pursuant to an agreement or where the debtor has signed a security agreement describing the collateral[3]. (emphasis added) Here, possession was in the secured party pursuant to an agreement. In *Floyd v. Title Exchange and Pawn*, 620 So.2d 576 (Ala.1993), the court held that a pawn shop customer can give constructive possession of an automobile to another while the customer retains actual physical possession. If possession of title in the case of *Floyd* was sufficient, it must be sufficient in this case. There cannot be possession in one instance and no possession in another. Constructive possession of the title by FCTE is enough to meet the criteria as set out under section 7–9–203(1)(a) of the Alabama Code.[4]

FCTE is a secured party in possession of the collateral pursuant to agreement. The debtors have rights in the collateral since they are in actual physical possession of the

**2.** See footnote 4.

**3.** The other requirements under section 7–9–203 of the Alabama Code are met: Value was given ($200) and, as is shown above, the debtors had rights in the collateral (actual physical possession).

**4.** "When the collateral is in the possession of the secured creditor, the security agreement may be oral or written as the parties choose. There is no requirement of a written agreement in such

case." 68A Am Jur 2d § 168. "Where the collateral is in the possession of the secured party, ... as at common law, the writing is not a formal requisite." "The fact that title certificate notation is required in most states to perfect a security interest ... has no effect upon the creation of a security interest in a motor vehicle." 68A Am Jur 2d §§ 155, 156. See *Barton v. Chemical Bank*, 577 F.2d 1329 (5th Cir.1978); *Matter of Patterson*, 185 B.R. 354 (Bankr. N.D.Ala.1995).

automobile(s).[5] The debtors have also retained a statutory right of redemption under section 7–9–506 of the Alabama Code (1975).[6]

In the instant case we have a "transaction (regardless of its form) which is intended to create a security interest in personal property." (§ 7–9–102 Ala.Code), even though in form it may have originated as a pledge.

The cars are to remain in the hands of the debtors. FCTE is to be paid under the debtors' Chapter 13 plan on its secured claim.

An appropriate order will enter.

### ORDER ON OBJECTION TO PLAN AND MOTION TO RECOVER VEHICLES

At Montgomery, Alabama this objection to plan and motion to recover vehicles was called for hearing.

Upon the conclusion of this hearing, the matter was submitted, and, as referenced by this courts opinion, the motion to recover the vehicles is due to be and is hereby

**ORDERED DENIED** and the debtors are to retain possession of the vehicles and Fast Cash Title Exchange is to be paid through the debtors' Chapter 13 plan.

It is **FURTHER ORDERED** that the case is **CONFIRMED**.

5. It may be argued that section 7–9–203(4) remedies this matter in favor of FCTE. That section states that where there is a conflict between provisions of this statute and other such statutes, that other such statutes control. But there is no such conflict of statutes, (the Pawnshop Act), in this matter.

6. Further establishing the cars as property of the estate under 11 U.S.C. § 541 of the Bankruptcy Code. (See also *Matter of Patterson*, 185 B.R.

354 (Bkrtcy.N.D.Ala.1995)). The parties agreement is within section 7–9–102 of the Alabama Code:

(1) ... [T]his article applies:
(a) To any transaction (regardless of its form) which is intended to create a security interest in personal property ... also (2) This article applies to security interests created by contract including pledge, ... (emphasis added).