Mattie Harkness, individually and on behalf of a class of persons who entered into pawn transactions with EZ Pawn Alabama, Inc. ("EZ Pawn"), sued EZ Pawn, alleging a violation of Ala. Code 1975, § 32-8-60 et seq. (the Alabama Uniform Certificate of Title and Antitheft Act), as well as claims of conversion, fraud, the tort of outrage, and unconscionable conduct. The trial court entered a summary judgment for EZ Pawn on all of Harkness's claims. Harkness appealed to the Alabama Supreme Court; the supreme court transferred the case to this court, pursuant to § 12-2-7(6), Ala. Code 1975. We affirm.
The parties stipulated the following facts: Harkness entered into a pawn transaction with EZ Pawn on December 16, 1993. In connection with that transaction, Harkness received $4,500 from EZ Pawn. The collateral for the pawn transaction was the title on a *Page 33 
1990 Cadillac Fleetwood automobile owned by Harkness. Harkness granted EZ Pawn a security interest in the title document and the vehicle it represented. The pawn documents reflect a single payment obligation due on January 16, 1994.
Harkness did not repay the principal on the due date. Instead, she made an interest payment of $450 and renewed the pawn transaction. She renewed the original transaction four more times but never repaid the principal. EZ Pawn took possession of the vehicle on March 27, 1995. EZ Pawn perfected its security interest on September 18, 1995.
Harkness moved for a partial summary judgment on her claims alleging conversion and a violation of § 32-8 60 et seq., Ala. Code 1975. EZ Pawn opposed the motion and moved for a partial summary judgment in its favor on the same claims. It later amended its motion to seek a summary judgment on all of Harkness's claims. Harkness did not oppose EZ Pawn's motion with regard to her claims alleging fraud, the tort of outrage, and unconscionable conduct, and, on appeal, she makes no argument regarding the summary judgment as to those claims. Therefore, the only issues before us are whether the trial court correctly entered the summary judgment for EZ Pawn on the claims alleging conversion and a violation of § 32-8-60 et seq., Ala. Code 1975.
Harkness contends that EZ Pawn violated the Alabama Uniform Certificate of Title and Antitheft Act and was guilty of conversion when it took possession of her car without first perfecting a security interest in it. Undoubtedly, "pawn transactions in which a debtor consensually grants a pawnbroker a security interest in goods (including title documents and the vehicles they represent) are secured transactions under Ala. Code § 7-9- 101 et seq." In re Mattheiss, 214 B.R. 20, 28 (Bankr. N.D. Ala. 1997), disagreed with on other grounds, In re Lewis,137 F.3d 1280, 1282 (11th Cir. 1998).
Harkness correctly argues that the Certificate of Title Act provides the exclusive method of perfecting a security interest in a motor vehicle covered by the Act. Hill v. McGee,562 So.2d 238 (Ala. 1990). Section 32-8-61 provides:
 "(a) Unless excepted by this section a security interest in a vehicle for which a certificate of title is required by the terms of this chapter is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this article.
 "(b) A security interest is perfected by delivery to the [Department of Revenue] of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the date of his security agreement and the required fee. It is perfected as of the time of its creation if the delivery is completed within 20 days thereafter, otherwise, as of the time of the delivery."
The Act, however, does not create an independent cause of action for a party who claims to have been wronged by a secured party's failure to comply with the terms of the Act. See LandmarkChevrolet, Inc. v. Central Bank of the South, 611 So.2d 1043,1044 n. 1 (Ala. 1992); Trailmobile, Inc. v. Cook, 540 So.2d 683,686 (Ala. 1988). The trial court, therefore, correctly entered the summary judgment with respect to Harkness's claim alleging a violation of the Certificate of Title Act.
Moreover, Harkness was not wronged by EZ Pawn's taking possession of her vehicle. Section § 7-9-503, Ala. Code 1975, provides that "unless otherwise agreed a secured party has on default the right to take possession of the collateral." Neither a demand for possession nor the debtor's consent is required before the secured party exercises his right to repossess. Piercev. Ford Motor Credit Co., 373 So.2d 1113 (Ala.Civ.App.), cert. denied, 373 So.2d 1115 (Ala. 1979).
"[A] `secured party's rights over the collateral as against the debtor are unaffected by failure to perfect the security interest.'" South Division Credit Union v. Deluxe Motors, Inc.,42 Ill. App.3d 219, 221, 355 N.E.2d 715, 717 (1976) (quoting Inre County Treasurer of Du Page County, 16 Ill. App.3d 385, 392,306 N.E.2d 743, 749 (1973)). *Page 34 
 "A fair reading of sections 9-501 and 9-503 of the Uniform Commercial Code demonstrates to us that [the creditor] had a clear right to repossess the vehicle and foreclose its lien. These sections do not require that the secured interest of the creditor be perfected in order to foreclose. It is the Uniform Vehicle Certificate of Title Act . . . which provides for the perfection of the security interest, and we find no requirement therein which necessitates the perfection of a security interest prior to foreclosure."
Roberge v. Bankers Trust Co. of Albany, N.A., 84 A.D.2d 8, 9,446 N.Y.S.2d 443, 443 (1981).
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.