**In re Dorothy L. DAVIS, Debtor.**

**No. 00–6268–WRS.**

United States Bankruptcy Court, M.D. Alabama.

Nov. 26, 2001.

Deborah S. Seagle, Dothan, AL, for Debtor.

Curtis C. Reding, Montgomery, AL, Chapter 13 Trustee.

Joe Jackson, pro se.

## MEMORANDUM DECISION

WILLIAM R. SAWYER, Chief Judge.

This Chapter 13 case came before the Court for a hearing on September 19, 2001, upon the Trustee's objection to a secured claim filed under the name of "Auto Title Pawn." (Doc. 21). The Trustee was present by counsel Sabrina McKinney and Auto Title Pawn was present by Joe Jackson, an individual who is not an attorney but rather purports to be the manager. The Pawn Ticket submitted by Jackson identified the pawn broker as "Auto Title Pawn Quick Cash, Inc.," which appears to be a corporation. The Court will not reach the question of whether it is proper for a corporation to appear by an employee who is not an attorney. Moreover, the Court will assume, for purposes of this decision, that the corporation had properly identified itself on its proof of claim. The sole question here is whether the pawn broker has a security interest which may not be avoided by the Trustee.

## I. FACTS

The facts here are not it dispute. The Debtor resides in Dothan, Alabama and owns a 1995 Mitsubishi Eclipse. The vehicle bears a Certificate of Title which was issued by the State of Alabama. On October 3, 2000, Debtor Dorothy Davis pawned the title of her automobile to the pawn broker, who is also located in Dothan, Alabama, in return for $1,054.00. The agreement provides that the Debtor would owe a pawn charge of $263.50 on November 2, 2000, which was 30 days after the date of the agreement, in addition to the $1,054.00, for a total indebtedness in the amount of $1,317.50. This cost of credit here is 25% per month. At the time the agreement was entered into, the Debtor delivered the vehicle's Certificate of Title and a key. The agreement states that "we have a possessory security interest in the item(s) pledged to secure repayment." The Debtor did not make the called for payment of $1,317.50 on November 2, 2000. On November 9, 2000, the Debtor filed a petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code. At that time, the Debtor was in possession of the motor vehicle and the pawn broker was in possession of the Certificate of Title. The pawn broker's security interest is not recorded on the Certificate of Title.

The Court confirmed the Debtor's Chapter 13 Plan on January 12, 2001. (Doc. 14). The Plan provides that the pawn broker has a secured claim in the amount of $1,300.00 which is to be paid interest at a rate of 10% per year, with a specified monthly payment of $75.00. The pawn broker did not object to its treatment under the plan, however, the Trustee now objects to the pawn broker's secured claim, taking the position that the pawn broker did not perfect its security interest and therefore its claim should be treated as an unsecured claim.

## II. DISCUSSION

### AS THE PAWN BROKER DID NOT RECORD NOTICE OF ITS SECURITY INTEREST ON THE CERTIFICATE OF TITLE ITS SECURITY INTEREST IS NOT PERFECTED AND THEREFORE IT DOES NOT HOLD A SECURED CLAIM

■ The Trustee objects to the pawn broker's secured claim, contending that the claim should be allowed only as unse-

cured. A claim is not allowed as secured unless the holder has a security interest which may not be avoided by the trustee in bankruptcy. *See* 11 U.S.C. § 544(a)(which allows a trustee, as a judgment lien creditor, to avoid an unperfected security interest and relegate the debt to status of a general unsecured claim). *See, e.g., First National Bank of Denver v. Turley,* 705 F.2d 1024, 1027 (8th Cir.1983); *Clark v. Valley Federal Savings and Loan Association (In re Reliance Equities, Inc.),* 966 F.2d 1338, 1344 (10th Cir.1992). Therefore, the Court will first look to Alabama law and determine the nature and priority of the security interest in question.

■ Alabama's Uniform Certificate of Title and Antitheft Act governs security interests on motor vehicles bearing Alabama certificates of title. Alabama Code § 32–8–61, provides as follows:

(a) Unless excepted by this section, a security interest in a vehicle for which a certificate of title is required by the terms of this chapter is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this article.

(b) A security interest is perfected by the delivery to the department of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the date of his security agreement and the required fee. It is perfected as of the time of its creation if the delivery is completed within 20 days thereafter, otherwise, as of the time of the delivery.

ALA. CODE § 32–8–61.

It is undisputed that the interest of the pawn broker does not appear on the vehicle's Certificate of Title. Moreover, the pawn broker does not claim that it delivered the documents to the Alabama De-

partment of Revenue in an effort to perfect its security interest. Therefore, the security interest is not perfected in accordance with the provisions of Alabama Code § 32–8–61.

The plain language of Section 32–8–61(a) provides that it is the exclusive means of perfecting a security interest in a vehicle. There are only three statutory exceptions. Alabama Code § 32–8–60, provides as follows:

This chapter does not apply to or affect:

(1) A lien given by statute or rule of law to a supplier of services or materials for the vehicle;

(2) A lien given by statute to the United States, this state or any political subdivision of this state.

(3) A security interest in a vehicle created by a manufacturer or dealer who holds the vehicle for sale, but a buyer in the ordinary course of trade from the manufacturer or dealer takes title free of the security interest.

ALA. CODE § 32–8–60

The lien of a pawn broker does not fit within the parameters of any of the three statutory exceptions. As Section 32–8–60 provides only three exceptions, none of which apply here, and as Section 32–8–61 provides that it contains the exclusive means of perfecting a security interest in a motor vehicle, it follows that the pawn broker does not have a perfected security interest in the automobile.

■ While the pawn broker here was not represented by counsel and as no brief was filed by the pawn broker, the Court surmises that its position is that its security interest is perfected by possession of the certificate of title and a set of keys. The Court would first note that the Alabama Pawnshop Act does not contain any provisions which provide for perfection of

security interests. ALA. CODE § 5–19A–1, *et. seq.* The Court notes that the Alabama Uniform Commercial Code permits perfection of a security interest in goods by possession. ALA. CODE § 7–9–305.[1] However, this general provision must give way to the more specific provisions of Alabama Code § 32–8–60 and 61.

In addition, Alabama Code § 5–19A–10, provides that the pawn broker has a lien upon the pawned goods. However, nothing in this section, or any section in the Alabama Pawnshop Act, makes any mention of perfection of such a lien or the priority of such a lien. The Alabama Supreme Court has not ruled upon the precise question presented here. In *Floyd v. Title Exchange and Pawn of Anniston, Inc.,* 620 So.2d 576 (Ala.1993), the Alabama Supreme Court declined to reach this very question when it cited the decision of the trial court, which stated: "whether actual physical possession of the personal property itself is necessary to retain a perfected, superior lien in the property is not an issue before the court." *Id.* at 579. At most, it could be said that, as a matter of Alabama law, that the lien of a pawn broker attaches to the subject collateral and is valid between the borrower and the pawn broker. *Harkness v. EZ Pawn Alabama, Inc.,* 724 So.2d 32, 33 (Ala.Civ.App.1998). However, the Alabama Pawnshop Act is silent on the question of whether the lien of a pawn broker has priority over other creditors of the borrower or the trustee in bankruptcy. To answer that question, one must look to the provisions of Alabama Code § 32–8–60 and 61.

This Court notes that its holding here, that the pawn broker does not have a perfected security interest in a vehicle which is in possession of the debtor, is consistent with a recent decision of the Bankruptcy Court for the Northern District of Alabama. *Mattheiss v. Title Loan Express (In re Mattheiss),* 214 B.R. 20 (Bankr.N.D.Ala.1997). The decision of the Northern District in *Mattheiss,* as the decision of this Court here, involves the interplay of Alabama's Uniform Certificate of Title and Antitheft Act (ALA. CODE § 32–8–1 *et. seq.*) and the Alabama Pawnshop Act (ALA. CODE § 5–19A–1 *et. seq.*). This Court agrees with the decision in *Mattheiss,* that a pawn broker who does not record its lien on the certificate of title does not have a perfected security interest.

The decision of the Northern District in *Mattheiss* stated that it did not agree with this Court's decision in *In re Jones,* 206 B.R. 569 (Bankr.M.D.Ala. 1997)(Steele, C.J.). In *Jones,* this Court held that a novation of two automobile title pawn transactions had occurred and that as the related security interest was not recorded on the vehicle's certificate of title, the pawn broker did not have a perfected security interest. In the view of the undersigned, the holding of the Northern District in *Mattheiss* is consistent with this Court's holding in *Jones.* However, the decision in *Jones* contains some dicta to the effect that a pawn broker may obtain security interest in a vehicle by taking possession of the certificate of title. *Jones,* at 572. Any suggestion that a pawn broker's security interest in a motor vehicle may be perfected by mere possession of the certificate of title is repudiated. In the view of the undersigned, one may not obtain a perfected security interest in a

---

1. The Official Comment states that "possession may be by the secured party himself or by an agent on his behalf; it is of course clear, however, that the debtor or a person controlled by him cannot qualify as such an agent for the secured party." This language undercuts any suggestion that the pawn broker has some sort of constructive possession through the debtor.

motor vehicle in Alabama, unless it is recorded on the certificate of title or one of the three statutory exceptions listed above apply. For this reason, the secured claim of the pawn broker in this case is disallowed.

This Court notes that this case is factually distinguishable from *Mattheiss* in one important respect. In *Mattheiss,* the pawn broker took possession of the subject vehicle prior to date of the filing of the petition in bankruptcy. The Court in *Mattheiss* found that the pawn broker's application for a new certificate of title was a preference which could be avoided pursuant to 11 U.S.C. § 547(b). A subsequent decision of the United States Court of Appeals for the Eleventh Circuit in *Charles R. Hall Motors. Inc. v. Lewis (In re Lewis),* 137 F.3d 1280 (11th Cir.1998), appears to have cast this aspect of the Northern District's decision in *Mattheiss* in doubt. However, as this case does not involve a vehicle which was seized prior to the date of the petition, a preferential transfer is not involved and this aspect of the decision in *Mattheiss* does not come into play in this case. Neither the Eleventh Circuit Court of Appeals nor the Alabama Supreme Court have ruled upon the question of whether a security interest created pursuant to an automobile title pawn transaction may be perfected merely by taking possession of the certificate of title.

### CONCLUSION

A pawn broker who holds a motor vehicle certificate of title and a set of keys does not have a perfected security interest on the motor vehicle unless its lien is recorded on the vehicle's certificate of title. Alabama law provides that the exclusive means of obtaining a perfected security interest in a motor vehicle is by recording in on the certificate of title. ALA. CODE § 32–8–61. As none of the statutory exceptions to this provision apply, the lien of the pawn broker is not perfected and subject to being avoided. For this reason, the Trustee's objection to the pawn broker's claim is sustained and the claim is allowed as unsecured. The Court will enter a separate order.